WENNER, respondent, *v.* McNULTY ET AL., appellants.

*Affidavit to declaratory statement of quartz mining claim, made on information, held sufficient.* — W. and H. were the joint locators of the Jennie Dell lode. H. discovered ths lode for himself and as the agent of W., and then informed W. of the discovery. Thereafter W. made out a declaratory statement of the claim, describing it in accordance with the United States laws, signed his own and the name of H. to it, and made the affidavit personally without having seen the ground embraced in the claim. The oath was absolute in form, and did not recite that it was made on information and belief. *Held,* that such an affidavit was valid under section 873, division 5, Revised Statutes of Montana. (Sec. 1477, div. 5, Comp. Stats. Mont.)

*Whether a territorial legislature can impose burdens in addition to those prescribed by laws of the United States on the location of mines, questioned.* — In this case the court says: "That the notice of location shall be verified by oath is an additional burden imposed upon the locator of a mining claim by the territorial legislature, and not required by section 2324 of the Revised

Statutes of the United States. Whether the territorial legislature went beyond its constitutional authority as prescribed in section 1851 of the Revised Statutes of the United States, in imposing additional burdens upon the location of mines, it is not necessary in this case to inquire; but if it did not, the closeness with which it trenched upon such authority may well be considered as a persuasive reason why the court should so construe them that they shall not be more burdensome than can be reasonably helped.

*What constitutes a discovery of a quartz mine.* — The following instruction: "It is not necessary that the work by which the vein or lead was discovered and made visible should be done by the locator; it is sufficient if, at the time of location, the vein or lead was exposed to view and its existence known to the locator; for these facts would be equivalent to a discovery,"— sufficiently states the law when another instruction fully recites the requirements of a valid location of a mining claim.

### *Appeal from District Court, Silver Bow County.*

THOMAS L. NAPTON, for the appellant.

The declaratory statement is void because the oath of the locator is not made upon his own knowledge. Without a record to give notice, there is no location. *Butcher* v. *Hauswirth*, 4 Mont. 299, and cases cited; *Russell* v. *Hoyt*, 4 Mont. 412, particularly p. 421.

Our statutes in relation to verification of pleadings always provide when it can be done by an agent or attorney; and statutes which contemplate such a way of proceeding generally provide therefor. Section 873, division 5, of Revised Statutes of Montana, contains no such provision.

This statute is for the acquisition of title, and should be strictly construed. It is in harmony with the "state, territorial, and local regulations" recognized by sections 2319 and 2322 of the Revised Statutes of the United States in relation to mines. Instruction No. 2 does not state the law correctly.

The instructions given at the request of defendant and those at the request of plaintiff are upon two distinct theories of the law of the case, and were calculated to mislead and confuse the jury. They should have been consolidated into one.

F. W. COLE and WILLIAM SCALLON, for the respondent.

The object of recording the notice is to notify the public that a location has been made. Wenner, the respondent, was one of the locators of the lode with Hutchison, and each was the agent of the other as far as the location was concerned. *Gore* v. *McBrayer,* 18 Cal. 582; *Morton* v. *Solambo C. M. Co.,* 26 Cal. 527; *Schultz* v. *Keeler,* 13 Pac. Rep. 481.

Therefore Wenner was the agent of Hutchinson, and as such made the affidavit. The affidavit of one locator is sufficient.

An affidavit absolute in form, or a statute requiring an affidavit, does not necessarily mean that the affiant has or must have personal knowledge of the facts. *Steagald* v. *State,* 3 S. W. Rep. 771, 777; *United States.* v. *Moore,* 2 Low. 232; 4 Crim. Def. 393; Myer's Fed. Dec. 12, sec. 1047. The Code of Procedure requires an affidavit on one's own knowledge, except where the allegation is on information and belief. Section 2324, Revised Statutes of the United States, does not require that the notice of location shall be recorded. It merely provides, if the mining laws of the mining district or territory require a record, what that record shall contain. *Golden Fleece Co.* v. *Cable Co.,* 12 Nev. 312. Said section 2324 does not require an affidavit; and that provision in the law of Montana requiring a notice of location to be sworn to is absolutely void. Judge Field so intimates in 117 U. S. 401, in reversing *Hoyt* v. *Russell,* 4 Mont. 421. The instructions given by the court correctly state the law.

The opinion states the case.

McCONNELL, C. J. This is an action of ejectment brought under section 2326, Revised Statutes of the United States, to contest the right of the defendants to

a patent to a " certain tract and parcel of land and mining ground situated in the Summit Valley mining district, in Silver Bow County," Montana, called by the plaintiff the Jennie Dell lode mining claim, and by the defendants the Beauty Quartz lode mining claim. Upon the trial, the plaintiff introduced a notice of location, duly verified by oath, and in all other respects complying with the provisions of the laws, both of the United States and of this territory, bearing date January 1, 1886, and the defendants likewise introduced a notice of location, which equally complied with such laws, but of a later date than that of the plaintiff.

It is conceded that this made a *prima facie* right of the plaintiff to recover in this action. But, at this stage of the trial, the defendants introduced the plaintiff as a witness, who testified as follows, to wit: "I reside in Butte City, Montana Territory, and have resided in Walkerville for four years, and put in several summers in prospecting. I signed and made affidavit to the location notice of the Jennie Dell lode location, the property I brought suit to recover in this action. I swore to the affidavit, on information and belief, on the first day of January, 1886. This information I got from Hutchinson and Batram. I signed the name of Hutchinson to the notice of location. He told me about it on the 1st of January, 1886. I was first on this ground in February or March, 1886,—some time after I had sworn to the notice of location. I was on that ground years ago. This is the only notice of the location of the Jennie Dell lode mining claim, and the only one we base our claim upon to the ground in dispute in this cause. Hutchinson never swore to the affidavit, nor signed it. I signed his name. My own name and Hutchinson's were on the notice as locators. We were both locators, and Hutchinson was my agent." Upon the introduction of this

evidence, the defendants, by their attorney, " moved the court to strike from the testimony in the case the said notice of location of the Jennie Dell lode mining claim, for the reason that it was never sworn to by the discoverer or discoverers of said claim, or any one authorized by them, or the laws of Montana Territory, in reference to making and filing a declaratory statement, in giving a notice of location, as provided by law." This motion was disallowed, to which defendants excepted. There were verdict and judgment for plaintiff, and the appellants bring the case here because of the alleged error above set forth, and because of alleged error in the instructions given to the jury. The appeal is taken alone on the judgment roll.

Revised Statutes of Montana, Fifth Division of General Laws, page 590, section 873, provide that " any person or persons who shall hereafter discover any mining claim upon any vein or lode bearing gold, silver, cinnabar, lead, tin, copper, or other valuable deposits, shall within twenty days thereafter make and file for record, in the office of the recorder of the county in which said discovery is made, a declaratory statement thereof, in writing, on oath, before some person authorized by law to administer oaths, describing such claim in the manner prescribed by the laws of the United States." The evidence of Wenner shows that Hutchinson and he were joint locators of the Jennie Dell lode; and it may be fairly inferred from his statement that Hutchinson discovered it as his agent; that it was located in the names of both of them; that Hutchinson informed him of said discovery on the first day of January, 1886, and thereupon he (Wenner) made out the declaratory statement thereof in writing, describing such claim in the manner provided by the laws of the United States, and affixed to it the proper affidavit, signing his own name and that of Hutchinson to it, swearing to it himself,

upon the information furnished by Hutchinson and one Batram.

It is insisted by the counsel for appellants that this oath is void, for the reason that the party making it did not himself see or view the ground until two or three months after making the oath; that the oath required by the statute must be made at least by a discoverer who knows the facts sworn to of his own knowledge, and not made upon information and belief; and that this statute, being for the acquisition of title, should be strictly construed. We do not assent to this proposition, but hold that the respondent could lawfully make the affidavit under the facts of this case. Hutchinson and respondent both made the location. They were tenants in common in the claim. Each was the agent of the other in all matters pertaining to their joint interests. Hutchinson discovered the claim, in the strict literal sense of that word, by personally viewing the lode or lead of precious metal. He informed respondent of the discovery, and was his agent in making it. The location was made in their joint names; and, under these circumstances, the respondent might well make the oath to the declaratory statement upon information and belief. The statute provides simply for an oath in writing. It does not say that it shall be made upon the personal knowledge of the affiant. It is not usual to require such strictness, unless the statute prescribing the oath expressly requires it. The object of recording the declaratory statement is to give the public notice that a location has been made; and the object of requiring an oath was to prevent fraud, by subjecting the locator to the penalties of perjury if he swore falsely and corruptly. If the affiant in such cases swears falsely and corruptly, he will be as much amenable to the penalties of the law denounced against perjury as if he had made the oath upon his own alleged personal knowledge; and

the mere fact that the oath is absolute in form, when in fact it was made upon information and belief, does not invalidate it. 12 Myer's Fed. Dec., sec. 1047.

In the case of *Gore* v. *McBrayer*, 18 Cal. 583, the court say: "As the title comes from appropriation made in accordance with the mining rules and customs, and as it is not necessary that a party should personally act in taking up a claim, or in doing the acts required to give evidence of the appropriation, or to perfect the appropriation, it would seem that such acts as these are valid to give title to the claimant." In this case, McBrayer and Gore made a parol agreement that the latter should go on a prospecting tour, and all the mineral land he might discover should be the property of both, with others who were parties to the agreement. McBrayer discovered a mine, and duly staked it, and put up a notice in his own name and Gore's, with others. Afterwards he took down this notice, and put up another, but left out the name of Gore. The court held Gore entitled to his interest in the mine; in other words, that the discovery and location may be made by an agent. The eyes of the agent are in law the eyes of the principal.

We further observe that the act of Congress does not require that the notice of location should be verified by oath. Rev. Stats. U. S., sec. 2324. This is an additional burden imposed upon the locator of a mining claim by the territorial legislature. The original act creating the territorial government provides that the legislative power of every territory shall extend to all rightful subjects of legislation not inconsistent with the constitution and laws of the United States; but no law shall be passed interfering with the primary disposal of the soil. Rev. Stats. U. S., sec. 1851. It is not necessary for us, in this case, to inquire whether the territorial legislature went beyond its constitutional

authority in imposing these additional burdens upon locators of mining claims; but if it did not, the closeness with which it trenched upon such authority may well be considered as a persuasive reason why the courts should so construe them that they shall not be more burdensome than can be reasonably helped.

· 2. It is urged that the court erred in the instructions given to the jury, and we are referred to instruction No. 2 as particularly erroneous. It is as follows, to wit: "It is not necessary that the work by which the vein or lead was discovered and made visible should be done by the locators. It is sufficient if, at the time of location, the vein or lead is exposed to view and its existence known by the locator; for these facts would be equivalent to a discovery." This instruction is said to be erroneous, because the statute requires, as a prerequisite to recordation, one well-defined wall-rock. This very instruction had already been given to the jury in an instruction which undertook to give, and did give, all the requirements of the law necessary to a valid location of a mining claim; and the instruction criticised was given specially to define what was necessary to constitute a discovery of a mine.

This court, in the case of *Kennon* v. *Gilmer*, 5 Mont. 257, says: "The instructions to the jury must be taken as a whole, and must not contradict or be inconsistent with each other. There is no such thing as a plaintiff's or defendant's instruction. The instructions proceed from the court, and ought to cover the whole case as made in the testimony. It is not expected that all of the law can be given in one instruction, and so the instructions must be considered as a whole; and if, when so considered, they cover the entire case, and no more, and make a harmonious whole, not inapplicable or inconsistent with each other, that is sufficient." And we may add that the jury will be presumed to have

read all the instructions, and given each one due consideration.

Let the judgment below be affirmed, with costs.

*Judgment affirmed.*

McLEARY, J., and BACH, J., concur.