## JAMES A. MURRAY, APPELLANT, v. SAMUEL E. LARABIE, RESPONDENT.

DEPOSITIONS — *Defective certificate* — *Waiver of same.* — In the case at bar, a deposition of a non-resident witness was taken out of the Territory under section 682, division 1, Compiled Statutes. The notary before whom it was taken prefixed to it a recital of the proceedings before him, but appended after the interrogations and answers, and the signature of the witness, only a simple statement, under his hand and seal, that the deposition had been subscribed and sworn to before him. The deposition was filed in court on February 27th, and no objection was made to it until May 23d following, during the trial of the case. *Held,* that the recital of the proceedings had before the notary contained all that section 683, division 1, Compiled Statutes, requires in that particular, and that it

is immaterial whether a certificate is at the beginning or end of a deposition; but that said deposition failed wholly to comply with the requirements of said section 683 as to a certificate. *Held, however,* that by reason of the delay aforesaid, the defect in the certificate had been waived.

CONTRACT— *Wager.*—In an action for the possession of a horse, alleged to have been sold by the defendant to the plaintiff, the answer set forth that in addition to the price paid for the horse, it was agreed in the contract of sale, that the defendant was to be paid a certain sum, if the horse won a certain race in the following year. The defendant had possession of the horse at the time of the race, and the animal did not run. It was objected that even if there had been such an agreement, it was void as a wager and contrary to public policy. *Held,* that as in no event under the agreement the defendant was to be paid the additional consideration, unless the horse won the race—the time for which had elapsed—it was unnecessary to pass upon the legality of such a contract, even if the facts alleged constituted a contract, which was very doubtful.

*Appeal from the District Court, Silver Bow County.*

### STATEMENT.

The plaintiff, through an agent, acting in his behalf, had purchased a horse from the defendant, who refused to deliver possession, on the ground that the full consideration of the sale had not been paid him. Plaintiff brought suit in claim and delivery for the animal, and the trial resulting in a verdict and judgment against him, appealed. The opinion states the facts in full.

*William H. De Witt,* for Appellant.

There was only one consideration, the payment of three hundred and fifty dollars. Defendant alleges as a further consideration, that if the horse won the Derby, a race to be run in the fall of 1884, he was to have one hundred and fifty dollars more; which one hundred and fifty dollars was to come out of the stakes, the money won, at such race. Admitting that this was part of the consideration, it was void as a wager, and contrary to public policy. (*Carrier* v. *Brannan,* 3 Cal. 328; *Gahan* v. *Neville,* 2 Cal. 81; *Irwin* v. *Williar,* 110 U. S. 499; *Higgins* v. *McCrea,* 116 U. S. 671.) This is the common-law rule, unchanged in this Territory. The only question therefore is, was the three-hundred-and-fifty-dollar consideration paid? Defendant received the check, and the money thereon. He received it from plaintiff, as undisclosed principal. If Palmer, the agent, owed defendant other money, on another transaction, at the same time, it was a claim of defendant against Palmer personally.

Defendant had no right to appropriate one hundred dollars out of the three-hundred-and-fifty-dollar payment, to another transaction. The debtor has the right to direct the appropriation (*Wendt* v. *Ross,* 33 Cal. 650; *Tayloe* v. *Sandiford,* 7 Wheat. 13); and the direction may be evidenced by the circumstances as well as by words. (*Tayloe* v. *Sandiford, supra.*) The creditor has no right to change the appropriation after the controversy has arisen. (*Backhouse* v. *Patton,* 5 Peters, 160; *U. S.* v. *Kirkpatrick,* 9 Wheat. 720.) "All objections (to a deposition) of a formal character, and such as might have been obviated if urged on the examination of the witness, must be raised at such examination, or upon motion to suppress the deposition. This rule may be relaxed where the deposition is returned at so brief a period before the trial as to preclude a proper examination, and prevent a motion to suppress." (*York Manuf. Co.* v. *Ill. Cent. R. R. Co.* 3 Wall. 107; *Doane* v. *Glenn,* 21 Wall. 33.)

*Thomas L. Napton,* for Respondent.

The evidence of Larabie, the defendant, shows that he never sold or delivered the horse to Murray, and that if Palmer was acting as the agent of Murray there was still one hundred dollars to be paid before the horse was to become the property of Palmer or Murray. And *then* an additional one hundred and fifty dollars if the horse won the Derby stakes. Defendant had no dealing with Murray, and the nature of the transaction, not completed, shows a personal trust reposed in Palmer by defendant. It is idle to contend that the enhanced value of the horse dependent upon his winning the "Derby stakes" partakes of the nature of a gaming or gambling contract, or is *contra bonos mores.*

McConnell, C. J.— This is an action for claim and delivery of a horse. The following facts are not controverted, so far as we can see, from the transcript, to wit: That the plaintiff, through an agent, one William J. Palmer, purchased the horse from defendant; that the plaintiff was an undisclosed principal in the transaction; that defendant dealt with Palmer alone as principal, and never recognized plaintiff as his principal; that Palmer bought another horse from defendant at the same

time he bought the horse in controversy; that he was to pay for said horse the sum of five hundred dollars, and for the one in dispute the sum of three hundred and fifty dollars; that he paid on the whole purchase seven hundred and fifty dollars, and still owes defendant one hundred dollars; that three hundred and fifty dollars was paid in the check of the plaintiff, drawn in favor of the defendant; that the contract of sale was consummated September 23, 1883; that it was a cash transaction; that the five-hundred-dollar horse was delivered, and the other was to remain with defendant until called for; that plaintiff called for it, and demanded it of defendant, May 1, 1884, by a written order from Palmer, which stated that he had purchased the horse for plaintiff; that defendant refused to deliver it to plaintiff, and did not then inform him that there was still a balance of the purchase money due, but now claims the horse upon that ground. Defendant also claims that there is a further sum of one hundred and fifty dollars which he should have been entitled to upon a certain contingency, which will be noticed further on.    Plaintiff claims that the check of three hundred and fifty dollars paid for the horse in full, and defendant claims that he applied one hundred dollars of this in payment of the other horse; that this amount is still due on the horse in dispute.    This is the controversy to be settled.    The verdict in the District Court was for the defendant.    The plaintiff moved for a new trial, which was overruled, and judgment was rendered in favor of the defendant.    From the order overruling the motion for a new trial the plaintiff has appealed to this court.

It is conceded by counsel for appellant that, the sale being for cash, the plaintiff is not entitled to the horse unless it has been fully paid for.    It is also conceded that, inasmuch as the defendant dealt with Palmer in ignorance of his agency, he is entitled to all the rights, as against plaintiff, that he would have had as against Palmer, if he had in fact been the principal in the transaction.    Whether the check of three hundred and fifty dollars paid for the horse in dispute, depends upon the application of the payments made.    The plaintiff offered in evidence upon the trial the deposition of Palmer, to prove, among other things, that he paid for the horse in dispute with said check. The deposition was excluded upon objection, upon the ground

that it was not legally certified under the requirements of our statute. It was taken by interrogatories in the city of New Orleans, State of Louisiana, under the provisions of section 682, et seq., of the Code of Civil Procedure of Montana, before a notary public. Section 683 of the Code of Civil Procedure provides, among other things, that, after the interrogatories have been answered and sworn to, etc., the notary or other officer to whom the commission has been issued, and who has taken the deposition, shall "certify the same, when taken, together with the said commission and interrogatories, to the court in which such cause may be pending, with the least possible delay." Upon the examination of said deposition, we find the following caption, to wit:—

"Be it known that on this eighteenth day of the month of February, in the year of our Lord one thousand eight hundred and eighty-five, by virtue of and pursuant to a commission directed to me from the Second Judicial District Court of the Territory of Montana, in and for the county of Deer Lodge, I, Omer Villere, a notary public, duly commissioned and qualified in and for the parish of Orleans, State of Louisiana, have caused to appear before me Mr. William J. Palmer, a resident of the city of New Orleans, who, after having been by me, notary, duly sworn to answer truthfully the interrogatories and cross-interrogatories propounded to him in the above-entitled cause, doth depose and say. [Then follow the interrogatories and answers, with the following conclusion, to-wit:]

(Signed)                              "W. J. PALMER.

"Sworn to and subscribed before me this eighteenth day of February, 1885.

(Signed)              "OMER VILLERE, Not. Pub."

[Omer Villere, Notarial Seal.]

The caption contains all that the statute requires to be certified to, but the notary nowhere certifies to it. We do not think it material whether the certificate should appear in the caption, or at the close of the deposition; but the simple statement at the end of the deposition of, "sworn to and subscribed before me," is no certificate to anything, except that the witness swore to and subscribed his name to the deposition. The certificate, then,

was fatally defective.  But no objection was made to the deposition on this account until after the case was called for trial, the jury sworn, and the plaintiff had testified, and then offered to read this deposition.  The deposition was filed February 27, 1885, and the case tried on the 23d of the following May.  We think that the defendant waived his right to object on this ground by his delay.  This is settled by the Supreme Court of the United States in the case of *Doane* v. *Glenn,* 21 Wall. 35. Mr. Justice Swayne, in delivering the opinion of the court in that case, says: "None of the objections to the reading of the deposition go to the testimony of the witness.  All of them relate to defects and irregularities which might have been obviated by retaking the deposition.  It does not appear that any notice beforehand was given to the counsel of the plaintiffs that they would be made.  In such cases the objection must be noted when the deposition is taken, or be presented by a motion to suppress before the trial is begun.  The party taking the deposition is entitled to have the question of its admissibility settled in advance.  Good faith and due diligence are required on both sides. . When such objections, under the circumstances of this case, are withheld until the trial is in progress, they must be regarded as waived, and the deposition should be admitted in evidence.  This is demanded by the interests of justice.  It is necessary to prevent surprise, and the sacrifice of substantial rights.  It subjects the other party to no hardship. All that is exacted of him is proper frankness." (See, also, *York Co.* v. *Railroad,* 3 Wall. 113; *Shutte* v. *Thompson,* 15 Wall. 160; *Buddicum* v. *Kirk,* 3 Cranch, 293.)  In Tennessee and many other States this very just rule is enacted into a statute.  The testimony offered was very material upon the turning point in the case, and should have been admitted.

The defendant in his deposition, after stating the terms of the sale of the horses, says: "With the further agreement that if the latter horse [referring to the horse in dispute] should win the Derby race in Helena, I was to get an extra hundred and fifty dollars."  The evidence shows that the races in Helena were to take place in the fall of 1884.  We should not deem it necessary to notice this point but for the guidance of the court below upon another trial.  From the facts proven on the trial,

we do not think this can affect the rights of the plaintiff to the possession of the horse. There was no agreement that Palmer was to run the horse, and if there had been, he must have had the possession of it in order to do it. It seems to have been a kind of contingent agreement that if Palmer did run the horse, and it won the stakes, he was to pay defendant one hundred and fifty dollars more; but whether he would enter the horse or not was left to his discretion. This has none of the elements of a binding contract about it. Besides, even if it had, it cannot affect the right of plaintiff to the possession of the horse upon the payment of the sum of three hundred and fifty dollars. It in no event was to be a debt unless the horse won the race, a mere contingency which cannot be determined, as the time for the races contemplated has long since passed. We do not deem it necessary to pass upon the question of the legality of such a contract, if it amounted to one. For the foregoing reasons the case must be reversed, and remanded for a new trial.

*Judgment reversed.*

DE WOLFE, J., and LIDDELL, J., concur.