McCOWAN, APPELLANT, *v.* MACLAY, RESPONDENT.

[Submitted May 13, 1895. Decided June 3, 1895.]

MINES AND MINING—*Location notice—Power of legislature.*—It is within the power of the state legislature to enact that the notice of location of a mining claim shall be on oath, as required by section 1477, fifth division of the compiled statutes. (Doubted in *Wenner* v. *McNulty,* 7 Mont. 30; but fully affirmed in *O'Donnell* v. *Glenn,* 3 Mont. 248, which ruling is followed as the law of the case in *O'Donnell* v. *Glenn,* 9 Mont. 452, and was followed as *stare decisis* in *Prescott* v. *Metcalf,* 10 Mont. 284.)

SAME—*Same—Insufficient verification.*—Under section 1477, fifth division of the compiled statutes, requiring any person who discovers a mining claim to make and file a declaratory statement, on oath, of such discovery or location, describing the claim in the manner provided by the laws of the United States, the declaratory statement must be of the discovery or location, as well as of the description of the claim, and where an affidavit states merely that "the description of said lode," as given in the notice, "is true and correct," this is a verification as to one item only, and the location notice is fatally defective. (*Metcalf* v. *Prescott,* 10 Mont. 284, cited.)

SAME—*Same—Same.*—The statement in a verification of a location notice, that the locators "have in every respect fully complied with the requirements of Chapter 6, of

Title 32 of the Revised Statutes of the United States, and the local customs and laws regulating mining locations," is simply a conclusion of law, and not a verification of any fact.

Same—*Adverse claim defined—Possession for period of statute of limitations.*—The words "in the absence of any adverse claim" as used in section 2332 of the Revised Statutes of the United States, providing that evidence of the possession and working of a mining claim for a period equal to the time prescribed by the statute of limitations for mining claims of the state where the same is situated shall be sufficient to establish a right to a patent thereto, in the absence of any adverse claim, mean an adverse claim filed in the land office within sixty days, as required by section 2325, Id., in opposition to an application for a patent to mining premises made by another person in such office, and do not mean an adverse claim filed within the statute of limitations. It being the purpose of the statute to prevent an applicant for patent from failing to obtain his patent simply for defects in his claim where he had been in undisputed possession for the period of the statute of limitations, and no one appeared in the land office to adverse his application.

*Appeal from Sixth Judicial District, Meagher County.*

Adverse suit. Judgment was rendered for the defendant below by Henry, J., sustaining a demurrer to the complaint. Affirmed.

*McConnell, Clayberg & Gunn,* for Appellant.

*Toole & Wallace,* for Respondent.

DeWitt, J.—The defendant applied for a United States patent for certain mining premises. The plaintiff filed his adverse claim in the United States land office, and commenced this action, which is commonly known as an "adverse suit." (*Davidson* v. *Bordeaux,* 15 Mont. 245, and cases cited; *Anthony* v. *Jillson,* 83 Cal. 296.) A demurrer to plaintiff's complaint was sustained, and judgment rendered and entered for defendant. Plaintiff appeals.

The plaintiff depended upon the location of the Yellow Jacket claim. He set out the location notice of this claim, and the affidavit verifying the same, in his complaint.

One point raised by the demurrer was that the verification of the location notice was insufficient. Our statute requires that the notice of location of a mining claim shall be on oath. (Compiled Statutes, fifth division, § 1477.) That this requirement of our statute is within the power of the state legislature was doubted in *Wenner* v. *McNulty,* 7 Mont. 30, but was

finally affirmed in *O'Donnell* v. *Glenn*, 8 Mont. 248, which ruling was afterwards followed as the law of the case on the second appeal of *O'Donnell* v. *Glenn*, 9 Mont. 452, and was followed as *stare decisis* in *Metcalf* v. *Prescott*, 10 Mont. 283. The Ninth circuit court of appeals of the United States recently encountered this question in *Preston* v. *Hunter* (not yet officially reported), 67 Fed. 996, but passed it without an expression of opinion. We shall not now disturb the law of this jurisdiction in this respect.

The question then presents itself, was the verification of the Yellow Jacket notice of location insufficient? It is as follows:

"Territory of Montana, County of Meagher—ss.: John C. O'Brien, James L. Neihart, and Samuel R. Harley, being duly and severally sworn, depose and say that they are of lawful age, and citizens of the United States; that they have heard read the above notice of location of fifteen hundred linear feet on the Yellow Jacket lode; that the description of said lode as therein given is true and correct; that they have in every respect fully complied with the requirements of chapter 6, title 32, of the Revised Statutes of the United States, and the local customs and laws regulating mining locations, and that they are three of the within-named locators." (Subscribed and sworn to.)

Does this affidavit verify the notice? Is the notice a declaratory statement upon oath? (Compiled Statutes, fifth divison, § 1477; *Metcalf* v. *Prescott*, *supra*.) The notice is a declaratory statement, but the question is, do the locators, or any of them, make the statement under oath? We are of opinion that they do not. They make only one portion of it under oath, and that is that the description of the lode, as given in the notice, is true and correct. There is no oath that any portion of the location notice is true, except this one item, and therefore the location notice is not verified, except as to this one item, unless it can be held that the words, "description of the lode," include the whole notice. But we are of opinion that such construction of these words cannot obtain. The meaning of the words, "description of the lode," we think, is

entirely clear. Webster's International Dictionary defines the word "description" as follows: "A sketch or account of anything in words; a portraiture or representation in language." The same authority gives among the synonyms of this word: "Account;" "definition;" "recital;" "narration;" "explanation;" "representation." The Century Dictionary, among other definitions of the word, has the following: "Representation by visible lines, marks, colors, etc. The act of representing a thing by words or signs, or the account or writing containing such representation. A statement designed to make known the appearance, nature, attributes, accidents or incidents of anything, as a description of a house or battle." Furthermore, the word "description" in conveyances of real estate and in legal instruments in writing generally has an established meaning. It is the language which depicts the thing under consideration. See Anderson's Law Dictionary, under the word ' Description." See, also, Black's Law Dictionary, under the same head, where the word "description" is defined as: "(1) A delineation or account of a particular subject by a recital of its characteristic accidents and qualities. (2) A written enumeration of items composing an estate, or of its condition, or of titles or documents; like an inventory, but with more particularity, and without involving the idea of an appraisement. (3) An exact written account of an article, mechanical device, or process which is the subject of an application for a patent. (4) A method of pointing out a particular person by referring to his relationship to some other person or his character, as an officer, trustee, executor, etc. (5) That part of a conveyance, advertisement of sale, etc., which identifies the land intended to be affected."

We are therefore of opinion that the word "description," as used in the affidavit under consideration, meant the delineation or account of the Yellow Jacket mining claim by the recital of its metes and bounds, or courses and distances, and its geographical position. See definition from Black, Law Dict., *supra.*

Counsel for appellant contend for a broader definition or use

of the word " description " as it appears in the affidavit and in the statute (section 1477). They argue that the words, " description of the lode," refer to the whole location notice, and that when it is affirmed on oath that the " description " is correct it is thereby affirmed that the whole notice is true; that is to say, that the whole location notice is the description of the lode. We cannot consent to this construction. It does violence to all ideas of the meaning of the word " description." We are of opinion that the word is not used in section 1477 in the sense that counsel claims, but that it is employed by the lawmakers in its ordinary and well-known signification. Section 1477 provides that any person or persons " who shall hereafter discover any mining claim * * * shall, within twenty days thereafter, make and file for record in the office of the recorder of the county in which said discovery or location is made, a declaratory statement thereof, in writing, on oath, * * * describing said claim, in the manner provided by the laws of the United States." The locator, under this statute, was to file in the county in which said location is made a declaratory statement thereof. The word " thereof," as here used, means the declaratory statement of said discovery or location. The declaratory statement on oath must be of the discovery or location, and not simply of the description of the claim. This language seems to be clear, and the intent seems to be plain. A few lines further in the statute it is also provided that the declaratory statement shall also describe such claim in the manner provided by the laws of the United States. Therefore it appears that the declaratory statement shall be of the discovery or location, as well as the description of the claim, and it would be unreasonable to hold that a person taking oath that the description of a claim was correct was hereby taking oath that all other matters set up in the notice of location or declaratory statement were also true. It therefore follows that the location notice of the Yellow Jacket lode, being verified as to only one of its items, was not a declaratory statement on an oath of the discovery or location of a claim.

It is observed that the affidavit further states that the loca-
tors have fully complied with the requirements of law and local
customs.   This, however, is simply a conclusion of law, stated
by the locators, and not a verification of any fact.   (*Anthony*
v. *Jillson*, 83 Cal. 296.)   We must therefore conclude that
plaintiff's location notice was fatally defective.

Plaintiff contends further, however, that even if he had no
notice of location at all, he pleads in his complaint that he and
his predecessors in interest have been in possession of the
premises, and worked them as a mine, for a period equal to
the statute of limitations of this state, and that, therefore, he
is entitled to prevail in this action.   He relies upon section
2332 of the Revised Statutes of the United States, which is as
follows :   "Where such person or association, they and their
grantors, have held and worked their claims for a period equal
to the time prescribed by the statute of limitations for mining
claims of the state or territory where the same may be situated,
evidence of such possession and working of the claims for such
period shall be sufficient to establish a right to a patent thereto
under this chapter, in the absence of any adverse claim."

It is said in *Glacier Mining Co.* v. *Willis*, 127 U. S. 471:
"With reference to the third ground of the demurrer, it is
only necessary to say that the complaint alleges that a valid
and legal location of said tunnel was made by persons under
whom the plaintiff claims, and that the plaintiff held posses-
sion of the same for more than five consecutive years prior to
the ouster by the defendants, and paid all the taxes during
that period legally or otherwise assessed upon said property.
This, under the laws of Colorado would give the plaintiff a
right to the premises in dispute superior to any other claim
except that of the government."   But these remarks are not
applicable in this case.   There plaintiff depended upon a "valid
and legal location."   Here plaintiff had not a valid location,
as we have determined.

We are of opinion that the words "adverse claim" in sec-
tion 2332 are used in the same sense as they are employed
throughout the whole of chapter 6, title 32, which is the min-

ing law of congress. The signification of these words in the
sections of the mining law is a claim filed in the United States
land office, opposing an application for patent to mining prem-
ises, made by another person. The claimant applies for pa-
tent. The adverse claimant opposes him. Each claims the
ground which is in controversy.

To support our view as to the meaning of the words "adverse
claimant" and "adverse claim" we note the following language
of section 2325. That section states: "If no 'adverse claim'
shall have been filed　*　*　*　at the expiration of sixty days,
it shall be assumed that the applicant is entitled to a patent, *
*　*　and thereafter no objection from third parties　*
*　*　shall be heard." Again, in section 2326, we find the
following: "Where an 'adverse claim' is filed　*　*　*　it
shall be upon oath," etc. Again, in the same section: "It
shall be the duty of the 'adverse claimant,' within thirty
days," etc. Again, it is stated in the same section "that a
failure on his part shall be a waiver of his 'adverse claim.' "

We must therefore conclude that the "adverse claim" men-
tioned in section 2332 means the land office adverse claim.
Section 2332, in its order in the act, follows the provisions of
law as to applying for patent and proceedings under said ap-
plication, and the filing of adverse claim. The section says:
"Where such person or association　*　*　*　have held and
worked their claims for a period equal to the time prescribed
by the statute of limitations," etc. We are of opinion that the
words, "such person or association," etc., refer to the per-
sons and associations which have been the subject of treatment
in the preceding sections, namely, persons and associations
who have complied with the terms of the law, and are apply-
ing for a patent for their mining premises. Preceding section
2332, all the details for an application for a patent and ad-
versing the same have been provided for. Then comes section
2332, and provides that if such person or association,—that is
to say, such applicants for patent—have held and worked their
claims for a period of the statute of limitations, such facts
shall establish their right to a patent, in the absence of an

"adverse claim." We are of opinion that this section was enacted to meet cases where applicants for a patent have been in possession of their claims for a period of the statute of limitations, but were unable to make full proof of their rights to a patent, as required by the previous provisions of the law; and to excuse their defects in title congress determined that the land office should pass over such defects, and give them their patents, provided no one appeared to contest their applications. It would appear that the section was enacted to prevent an applicant from failing to obtain his patent simply for defects in his claim, when he had held a long undisputed possession, and no one had opposed him. The land office, under such circumstances, was thus authorized to omit some of the strict proof required from an applicant in consideration of there being no opposition to the application. But if an "adverse claimant" did appear, the contest should be referred to a court of competent jurisdiction for determination as in other cases. We are of opinion that the words, "in the absence of any adverse claim," mean that patent shall be issued to such a claimant as is described in section 2332, if no one filed what is known in the land office as an "adverse claim," within the period within which an adverse claimant may file such claim under the mining laws of congress. This view is consistent with the whole scope of the mining law and the practice in the land office thereunder. That such is the construction of the land office is apparent from the rules of that office as to section 2332. After citing that statute, rules 70 and 71 are as follows: "This provision of law will greatly lessen the burden of proof, more especially in the case of old claims located many years since, the records of which, in many cases, have been destroyed by fire, or lost in other ways during the lapse of time, but concerning the possessory right to which all controversy or litigation has long been settled." Rule 70. "When an applicant desires to make his proof of possessory right in accordance with this provision of law, he will not be required to produce evidence of location, copies of conveyances, or abstracts of title, as in other cases, but will be required to fur-

nish a duly certified copy of the statute of limitation of mining claims for the state or territory, together with his sworn statement giving a clear and succinct narration of the facts as to the origin of his title, and likewise as to the continuation of his possession of the mining ground covered by his application; the area thereof; the nature and extent of the mining that has been done thereon; whether there has been any opposition to his possession, or litigation with regard to his claim, and, if so, when the same ceased; whether such cessation was caused by compromise or by judicial decree, and any additional facts within the claimant's knowledge having a direct bearing upon his possession and *bona fides* which he may desire to submit in support of his claim." Rule 71.

We do not think it can be properly contended that the statute means "in the absence of an adverse claim filed within the period of the statute of limitations." If that construction were to obtain, it would be necessary to add words to the statute, and make it read, "in the absence of any adverse claim" *filed within the period of the statute of limitations.* The better view, in our opinion, is that the statute means that patent shall issue to an applicant for patent who brings himself within the requirements of section 2332, if no one appears in the land office to adverse his application. It is clear that plaintiff in this action is not within the purview of section 2332.

There are other points raised on the argument, but our views upon the matters discussed dispose of the appeal. The demurrer was properly sustained. It is ordered that judgment be affirmed.

*Affirmed·*

PEMBERTON, C. J., and HUNT, J., concur.