COLEMAN ET AL., RESPONDENTS, v. CURTIS ET AL., APPELLANTS.

[Argued March 4, 1892. Decided June 6, 1892.]

MINES AND MINING—*Annual representation.*—Where labor performed as annual representation upon a mining claim is done by one other than the owner, it is not necessary that such work be actually paid for by the owner in order to be effectual for that purpose.

SAME—*Affidavits of annual representation.*—Sections 1483, 1486, fifth division of the Compiled Statutes, providing respectively for the filing of affidavits of the persons who perform the annual representation upon a mining claim, and making such affidavits *prima facie* proof of the facts recited therein, do not relate to the effect of doing the work or making the improvements, but only to the method of preserving *prima facie* evidence of the fact that the requirements of the statute have been satisfied.

*Appeal from Second Judicial District, Silver Bow County.*

Action on adverse claim to determine right of possession of mining premises. The cause was tried before McHatton, J. Plaintiffs had judgment below. Affirmed.

John H. Curtis, pro se, and John W. Cotter, for Appellants.

The court instructed the jury that it was not necessary that labor done upon a claim to represent it be actually paid for. If labor of sufficient value be done on a claim, within a given year, that is sufficient, even if it be not paid for, the payment being a matter between the laborer and the owners. The statutes of Montana require that the amount actually paid for labor and by whom paid shall be stated in the affidavit of annual labor when the same is not done by the owner or owners. (Comp. Stats. div. 5, § 1483; Belk v. Meagher, 3 Mont. 65.) Even though the said instruction states the law correctly, if it did or would mislead the jury, it is erroneous. (Boucher v. Mulverhill, 1 Mont. 306; Huntoon v. Lloyd, 7 Mont. 365; Sheets v. Flaherty, 8 Mont, 165; 11 Am. & Eng. Encycl. of Law, p. 248, and note.) The law contemplates that the improvements must be paid for. In other words, the amount must be expended in labor or money or something of value. (U. S. Rev. Stats. § 2324; Mont. Comp. Stats. div. 5, § 1483; Jackson v. Roby, 109 U. S. 440; Smelting Co. v. Kemp, 104 U. S. 636, 657; Morgan v. Tillottson, 73 Cal. 520; Duprat v. Jones, 65 Cal. 555–557; Russell v. Brosseau, 65 Cal. 605.)

William Scallon, for Respondents.

Harwood, J.—This action was brought under the provisions of section 2326 of the Revised Statutes of the United States, to determine the adverse claims of plaintiffs and defendants in and to a certain piece of land located as a quartz lode mining claim. Plaintiffs claim the ground in dispute under a quartz lode mining location made and recorded as the Angelieka Lode Claim, which is the senior location. Defendants claim the same land by virtue of a subsequent quartz lode location, made and recorded as the Charlotte Lode Claim. At the commencement of the trial it was admitted by defendants' counsel, in open court, as recited in the record of the case, that "the Angelieka Claim, named and described in plaintiffs' complaint,

was duly located some time prior to the year 1887; and that the plaintiffs, and their predecessors in interest, were the owners and in possession of said claim, as described in plaintiffs' complaint, from the time of its location up to and including the year 1886, and that said claim was represented during each year, up to and including 1886, but defendants stated that they claimed that it was not represented during the year 1887, and therefore became open to location on the first day of January, 1888; and that the only question involved in the suit, so far as plaintiffs' alleged right to recover was concerned, was whether or not the claim had been represented during the year 1887, as required by law; and the defendants, through their counsel, theretofore, claimed that the burden of proof was upon them to show that the said Angelieka Claim had not been represented in 1887, and therefore they had the opening and close; whereupon said defendants were granted the opening and close."

The foregoing quotation from the record shows at once the scope of the controversy involved in this action. The *onus* was upon defendants to show the nonrepresentation of the said Angelieka Lode Claim in the year 1887, and failing to establish that affirmation, defendants' claim to said land failed.

The jury sitting in the trial of said cause returned their verdict in favor of plaintiffs, as follows: "We, the jury in the above-entitled cause, find for the plaintiffs herein; and that the plaintiffs herein were at the time of the commencement of this action, and are now, the owners and entitled to the possession of the premises in controversy in this suit." Judgment was entered accordingly in favor of plaintiffs. Defendants thereupon moved the court for a new trial, on the grounds of alleged error in law occurring at the trial, and also that the evidence was insufficient to justify the verdict; specifying, in the statement of the case, error in the instructions given by the court to the jury, and particulars in which the evidence is claimed by defendants to be insufficient. Said motion for a new trial having been brought to a hearing, and overruled by the court, defendants prosecuted this appeal from the order overruling said motion, and from the judgment. The case, therefore, stands for review in this court on the assignments of error committed in the instructions given to the jury, and alleged

insufficiency of evidence to justify the verdict, as specified in the statement.

The instruction given by the court to the jury, objected to by appellants as erroneous, reads as follows: "It is not necessary that the labor done upon a claim to represent it be actually paid for. If labor of sufficient value be done on a claim within a given year, that is sufficient, even if it be not paid for; the payment being a matter between the laborer and the owners."

Appellants contend that the labor performed, as annual representation of a mining location, is not effectual for that purpose, unless actually paid for; that, although such labor was performed on the claim as required by law, the same does not avail, unless the claimant has actually paid for such labor, if the work was performed by another. On this theory is predicated the objection to the instruction recited above, and to support their position appellants' counsel cite the statute of this State, which provides as follows: "The owner or owners of any quartz lode claim, who shall perform, or cause to be performed, the annual labor or make the improvements required by the laws of the United States, in order to prevent a forfeiture of the claim, may at any time during the year, or within sixty days after the termination of said year in which said work was done or improvements made, file in the office of the county clerk and recorder of the county in which said claim is situated, an affidavit or affidavits of the person or persons who performed such labor or made such improvement, showing — *First*, the name of the lode, and where situated; *second*, the number of days' work done, and the character and value of the improvements placed thereon; *third*, the date or dates of performing said labor and making said improvements; *fourth*, at whose instance or request said work was done or improvements made; *fifth*, the actual amount paid for said labor and improvements, and by whom paid, when the same was not done by the owner or owners of said quartz claim." (Comp. Stats. div. 5, § 1483.)

In relation to said affidavit, the statute further provides that "the affidavit or affidavits named in the preceding sections, or copies thereof, duly certified by the recorder of the county, shall be received or admitted in evidence in any court of justice

in this State, and be *prima facie* proof of the facts recited therein." (Comp. Stats. div. 5, § 1486.)

The exaction of the statute is that " not less than one hundred dollars' worth of labor shall be performed or improvements made during each year" on the mining claim, in order to continue the lawful holding thereof by the claimant until patent has been issued therefor. The fulfillment of that provision lies in the performance of the labor or the making of the improvements required. (U. S. Rev. Stats. § 2324.)

Section 1483, fifth division of the Compiled Statutes of this State, above quoted, provides a convenient method of preserving *prima facie* evidence of the annual representation of mining claims, by the performance of the labor or making of the improvements, of the value required thereon, by putting such evidence in the form of an affidavit, stating the facts required, and recording the same as provided. This statute relates, not to the effect of doing the work, or making the improvements, as required by law, but to the method of preserving *prima facie* evidence of the fact that such requirement has been fulfilled. Our opinion is that said instruction of the court to the jury states a correct view of said statute. We have carefully examined all the cases cited by appellants' counsel in support of the construction of said statute which he contends for, and find no support for his theory in them.

Appellants complain, also, that said instruction assumes that one hundred dollars' worth of labor or improvements was expended on said claim in the year 1887. We are wholly unable to find any such assumption in the language used in that instruction. The expressions used by the court therein seem to have been so selected as to guard against such assumption, and exclude from the impression conveyed to one reading, or hearing read, said instruction, the idea which appellants' counsel seek to attribute to it.

We proceed to a consideration of the testimony set forth in the record, in view of the assignment that the same is insufficient to justify the verdict.

As above shown, the whole **controversy** relates to the question whether the Angelieka Claim was represented in the year 1887 by plaintiffs causing the full amount of work to be done,

or improvements made thereon, as required by law, in order to keep in force said claim.

It rested with defendants to establish the negative of said question by preponderance of proof. Defendants admit that the Angelieka Lode Claim was located some time prior to 1887, and up to that year was duly represented by the claimants thereof. It appears to be conceded on the part of defendants' witnesses that seventy-five dollars' worth of work was done on the Angelieka Claim by one Tigeman in 1887, but they dispute that the further amount of twenty-five dollars' worth of labor was done thereon in that year. Fred Feilke, one of the locators of the Charlotte Claim, was the principal witness who testifed on behalf of defendants. He testified that the owners of said Angelieka Claim contracted with said Tigeman to do the required amount of labor on said claim in the year 1887, but that Tigeman failed to do all the required work, because he was not paid in full therefor; that one Pfaff, the owner of an interest in said Angelieka Claim, was liable to contribute twenty-five dollars of the one hundred dollars' worth of labor required thereon in the year 1887; that said amount was not contributed, and Tigeman for that reason refused and failed to finish the representation work on said claim; and to that extent the required work was not done or improvements made on said Angelieka Claim for the year 1887. Feilke testified that he had been well acquainted with said ground for several years; that he had personal knowledge of all the work which was done on said mining claim in the year 1887, by or on behalf of the claimants of the Angelieka Lode, and that the same did not amount to one hundred dollars' worth of work done, or improvements made thereon, in the year 1887; that Tigeman told the witness Feilke that he did not perform all the required work on said claim for the year 1887, because of the delinquency of Pfaff in making payment of his portion of the expenses thereof; that Tigeman made the same statement in the presence of Pfaff, in the office of John H. Curtis, one of the defendants; that Pfaff admitted in conversation with said witness, in 1888, that Tigeman did not perform all the required work on the Angelieka Claim for the representation thereof in the year 1887, for the reason that he (Pfaff) failed to pay his

share of twenty-five dollars therefor. ◦Said witness Feilke further testified that Pfaff was written to several times by Tigeman, asking him to pay said sum, stating that, if the same was not paid, said work would not be performed; that Pfaff admitted to witness that said Angelieka Claim was subject to relocation, when the Charlotte Claim was located, and that Pfaff sought an interest in the latter claim to the same extent that he had held in the Angelieka Claim, which interest was promised him by the witness on condition of certain payments; that witness Feilke and John Stocker located the Charlotte Claim in May, 1888, covering the ground occupied by the Angelieka Claim; that he (Feilke) formerly owned two-fifths' interest in the Charlotte Claim, but at that time of the trial he was not the owner of any interest therein, as he had conveyed the interest he formerly owned to his wife.

John H. Curtis testified on behalf of the defendants, that he was present on the occasion when a conversation was had at his office between Feilke, Stocker, and Pfaff, mentioned by Feilke in his testimony, but stated that he could not remember what was said.

Green Majors, one of the defendants, called as a witness on their behalf, testified that he was present at the office of Curtis when said conversation mentioned by Feilke took place between Feilke, Stocker, and Pfaff, but could not remember what was said at the time.

None of the witnesses called on behalf of defendants testified to having examined said claim in the year 1887, or of having any knowledge of the work done thereon, except Feilke, who testified substantially as related above.

On behalf of plaintiffs, a witness, Joseph Rosenthal, testified that he was acquainted with the Angelieka Lode Claim; that an interest in said claim belonged to the estate of Samuel Louis, of which estate he was administrator; that as such administrator he looked after the representation of said claim to protect the interest of said estate; that witness employed Tigeman to do the required amount of work on said Angelieka Claim for the year 1887; that when he contracted with Tigeman to do said work he told Tigeman he did not know where Pfaff and Sherman were, and Tigeman said, "that was all right, he would

wait for them ;" that witness had Tigeman do a hundred dollars' worth of work on said Angelieka Claim in 1887, to represent the same for that year, and paid him for seven-sixteenths thereof, the sum of forty-three dollars and seventy-five cents, for which the witness has Tigeman's receipt; that Mr. James Forbis, as representative of the estate of R. McMinn, deceased, paid Tigeman for one sixteenth of said labor; that witness was an experienced miner, and had worked mines in the vicinity where the Angelieka Claim is located; that when said work was finished by Tigeman he reported the same as completed, and witness went to said Angelieka Claim, and examined said work done by Tigeman for the year 1887, which witness described in his testimony, and stated that he accepted the same, and that it was worth fully one hundred dollars; that Tigeman was allowed three dollars and a half per day for doing said work.

Pfaff testified, on behalf of plaintiffs, that he paid Tigeman twenty-six dollars as his share of the expenses for doing the representation work on the Angelieka Claim in the year 1887 to represent the same for that year, and had Tigeman's receipt for said payment; that he (Pfaff) received at Missoula, Montana, a letter from Tigeman, stating that Tigeman had performed the assessment work on said Angelieka Claim for the year 1887, and Pfaff, in response, sent Tigeman said twenty-six dollars in payment of the proportion thereof, for which said Pfaff was liable, by registered letter, and had Tigeman's receipt for said letter.

The said Tigeman did not testify at the trial of this action. It was testified by witness Feilke that defendants did not know where Tigeman was at that time.

Reuben Sabolsky testified that he was a miner by occupation, and of long experience as such; that he was acquainted with the Angelieka Lode Mining Claim; that he examined the work done thereon in the year 1887, in the latter part of November, soon after the same was performed. He described said work, which consisted of sinking shafts on said claim, and testified that he thought "there was a good hundred dollars' worth of work done there in 1887."

A careful examination and comparison of the evidence re-

corded in this case leads us to the conclusion that there is sufficent evidence to justify the verdict. The trial court refused to set aside the verdict and grant a new trial; and, upon consideration of all the grounds assigned therefor, we are of opinion that the order overruling appellants' motion for a new trial, and the judgment should be affirmed.

*Affirmed.*

BLAKE, C. J., and DE WITT, J., concur.