DAVIDSON ET AL., APPELLANTS, *v.* BORDEAUX ET AL., RESPONDENTS.

[Submitted January 22, 1895. Decided January 28, 1895.]

APPEAL—*Objection to juror.*—If a juror is accepted over a party's objection for cause, and he undertakes to save such objection for review on appeal, he must show in his record that when he finally accepted the jury he had not remaining a peremptory challenge by which he could have excluded such objectionable juror. (*Territory* v. *Hart*, 7 Mont. 42, extended.)

MINING CLAIM—*Adverse suit—Admission of affidavit in evidence.*—Sections 1483, et seq., division 5, Compiled Statutes, provide, in effect, that when the owners of mining claims have performed the required labor, or made the required improvements on a claim, they may make an affidavit of the facts, and file it with the county recorder, and such recorded affidavit shall be *prima facie* evidence of the facts therein recited. But when an action is brought to try the right to possession of mining premises, and the person who made such affidavit is present and testifies orally as to the facts therein stated, the introduction also of the affidavit in evidence is wholly immaterial, and can work no prejudice

to the adverse party, but is a clear case of *damnum absque injuria.* (*Coleman* v. *Curtis,* 12 Mont. 301, cited.)

SAME—*Affidavit verifying location notice.*—The declaratory statement of the location of a mining claim must be under oath, and, if the affidavit be insufficient, the location notice is void. But where it clearly appears that the affidavit was sworn to and subscribed by the affiant before an officer having authority to administer an oath, it is valid, although the affiant's name does not appear in the body of the affidavit. (*O'Donnell* v. *Glenn,* 8 Mont. 248; 9 Mont. 452; *Metcalf* v. *Prescott,* 10 Mont. 283, cited.)

SAME—*Evidence as to discovery of mineral-bearing vein.*—The locator of a mining claim need not show that he has made assays of the mineral vein when no one disputes the *prima facie* showing by the evidence of the prospector that the vein was a good one, and appeared to be sufficiently good to justify the locating and working of the claim. (*Shreve* v. *Copper Bell Mining Co.,* 11 Mont. 309, cited.)

*Appeal from Second Judicial District, Silver Bow County.*

ADVERSE SUIT.   Judgment was rendered for the defendants below by McHATTON, J.   Affirmed.

Statement of the case by the justice delivering the opinion:

The defendants' made an application to the United States land-office for a patent upon the St. Lawrence lode mining claim. The plaintiffs filed an adverse claim in the land-office, under the provisions of section 2326 of the United States Revised Statutes. The matter was then referred to the appropriate court of competent jurisdiction to determine the rights of said claimants. The result was the commencement and trial in the district court of Silver Bow county of the case now at bar. The case is what is commonly known at bar as an "adverse suit." The character and object of such suit is so well understood and has been so often stated by this court (*Wulf* v. *Manuel,* 9 Mont. 282; *Dillon* v. *Bayliss,* 11 Mont. 171; *Ormond* v. *Granite Mountain M. Co.,* 11 Mont. 303, et seq.) that a further statement is not necessary to explain the errors alleged by appellants, and treated in the opinion below. The judgment was for the defendants. The plaintiffs appealed from the judgment and from an order denying a new trial.

*L. J. Hamilton,* and *George Haldorn,* for Appellants.

The character of an "adverse suit" admits of no presumptions favorable to or against either side, and neither can rely upon the weakness of the other's contention. Either, to pre-

vail, must establish equities against paramount title of the United States. (*Gwilliam* v. *Donnellan*, 115 U. S. 45.) Therefore, the bias of these jurors was not reconcilable with warranted presumptions favorable to original locators. In a controversy between original and subsequent locators of mining ground a juror desiring the success of the former until the latter "make out an 'overwhelmingly strong case'" is unduly handicapped by such desire and cannot be an impartial arbiter. (1 Thompson on Trials, 75; *Ruff* v. *Rader*, 2 Mont. 211; *White* v. *Moses*, 11 Cal. 68; *People* v. *Cottle*, 6 Cal. 227; *People* v. *Gehr*, 8 Cal. 359; *United States* v. *Wilson*, Bald. 85.) The want of an allegation of forfeiture by the defendants did not release them from obligation to show statutory compliance as to annual representation. They should recover on the strength of their own title and establish possessory rights good as against everybody, including the United States. (*Gwilliam* v. *Donnellan*, *supra*.) The notary's certificate of acknowledgment to the deed from Waterbury to Sproule fails to certify that Waterbury acknowledged the deed before such notary. This omission invalidated the Waterbury deed, and therefore the alleged conveyance from Sproule to Irvine vested in Irvine no title to the premises therein described. (*Irving* v. *Campbell*, 121 N. Y. 353; *Merritt* v. *Yates*, 71 Ill. 636.) A witness sworn and testifying during the trial should not be permitted to supplement such evidence by his own *ex parte* affidavit of annual representation previously filed with the county recorder and pertaining to the same work. Such supplemental proof is surely secondary, and is admissible only when primary is unattainable, and, to be admitted, must be the best legal proof obtainable. (*Allen* v. *State*, 21 Ga. 217; 68 Am. Dec. 457; *Phillipson* v. *Bates*, 2 Mo. 116; 22 Am. Dec. 444, and note 449; *Judson* v. *Eslava*, Minor, 71; 12 Am. Dec. 32, and note 35; *Jackson* v. *Cullum*, 2 Blackf. 228; 18 Am. Dec. 158.) The "St. Lawrence" location notice introduced by the defendants is fatally defective. The descriptive essentials are wanting. (*Gonn* v. *Russell*, 3 Mont. 358; *Hess* v. *Winder*, 30 Cal. 349; *Golden Fleece Co.* v. *Cable Con. Co.*, 12 Nev. 312.) The location notice must be valid against the United States as well as adverse claimants. (*Gwill-*

*iam* v. *Donnellan, supra.*) The declaratory statement must be under oath. (*McBurney* v. *Berry,* 5 Mont. 300; *O'Donnell* v. *Glenn,* 8 Mont. 248; *Metcalf* v. *Prescott,* 10 Mont. 283.) The location notice being void, the defendants never acquired any title or possessory rights thereunder, and the defendants' objection to the introduction of such notice in evidence should have been sustained.

*John T. Baldwin,* and *Forbis & Forbis,* for Respondents.

The finding of the court that the jurors were competent was a finding of fact, and is not brought before this court in such a manner as to be reviewed. (*Trenor* v. *Railroad Co.,* 50 Cal. 222.) There was no error in the ruling of the court. Each of the jurors stated that he was prejudiced against "jumpers," but this is not the prejudice that the law defines as disqualifying a juror. (*Richmond* v. *Roberts,* 98 Ill. 472; *Spies* v. *People,* 122 Ill. 1; *Stoots* v. *State,* 9 N. E. Rep. 380; *Montgomery* v. *Wabash etc. Co.,* 2 S. W. Rep. 409; *McCarthy* v. *Cass etc. Co.,* 4 S. W. Rep. 931.) There is no allegation of lack of representation for any year except 1887. In order to put a party upon proof as to representation the issue must be raised in the pleadings. (*Renshaw* v. *Switzer,* 6 Mont. 464; *Garfield etc. Min. Co.* v. *Hammer,* 6 Mont. 53.) The acknowledgment of the deed was sufficient to entitle the latter to be put in evidence. (Devlin on Deeds, §§ 503, 504; *Livingston* v. *Kettelle,* 1 Gilm. 116; 41 Am. Dec. 166, and note; *Wilcoxson* v. *Osborn,* 77 Mo. 621.) One tenant in common may defend or sue for all, as against a stranger. (Freeman on Cotenancy and Partition, § 343.) The affidavit of the parties who claim to have done the representation work in the year 1887 was competent, under the Compiled Statutes, section 1485. The affidavit to the location notice is also in all respects sufficient. (*People* v. *Sutherland,* 81 N. Y. 1; *Sanborn* v. *Cunningham* (Cal.), 33 Pac. Rep. 894.)

DE WITT, J.—The first error asserted by appellants is that the court overruled two of appellants' challenges to jurors for cause, when it appeared, as claimed, by the examination of said jurors on their *voir dire,* that they were disqualified by

virtue of opinions which they were shown to entertain. But it does not appear by the record that the defendants at any time before the swearing of the jury had used any of their peremptory challenges; and, for all that appears by the record, the defendants went to trial with the alleged objectionable jurors, and, at the same time, had unused all of their peremptory challenges, with which they might have excluded said jurors. In the case of *Territory* v. *Hart,* 7 Mont. 42, it was held that a party objecting for cause to an incompetent juror waived the objection made in that case if he failed to challenge said juror peremptorily, and went to trial with his peremptory challenges unexhausted. In that case it is true that it appeared by the record on appeal that his challenges were not exhausted. But we are of opinion that the rule does, and should, go a step farther than was necessary to hold in the Hart case; and that a party undertaking to save such objection for review on appeal must also be held to show in his record that when he finally accepted the jury he had not remaining a peremptory challenge by which he could have excluded such objectionable juror. This is simply holding that a party claiming that he was injured by a ruling of the court below must present the appellate court with a record which shows the facts upon which he relies. (Thompson on Trials, § 115, and authorities; *Burrill* v. *State,* 18 Tex. 730; *Robinson* v. *Randall,* 82 Ill. 521; *Stout* v. *Hyatt,* 13 Kan. 232; *State* v. *Hoyt,* 47 Conn. 518, and cases there cited; *Brown* v. *State,* 57 Miss. 424; *State* v. *Raymond,* 11 Nev. 98.) This assignment of error is therefore overruled.

There are some questions argued in appellants' brief as to a forfeiture for nonrepresentation of the St. Lawrence lode mining claim in certain years, but this issue was not made by the pleadings (*Wulf* v. *Manuel, supra,* and cases collected), except as to the year 1887. But appellants now abandon any claim of error as to the finding in respondents' favor in regard to the representation in the year 1887, except as noted in the assignment treated in the next paragraph. There are several other assignments of error mentioned in the brief of appellants, which counsel, on the argument, abandoned.

Another error assigned by appellants is that the court al-

lowed to be introduced in evidence by respondents the affidavit of one John W. Merrill, as to the representation of the St. Lawrence claim in the year 1887. This was an affidavit made under the provisions of section 1483, *et seq.*, division 5, of the General Laws of Montana. That statute provides (stating it generally and not by detail) that when owners of mining claims have performed the required labor or made the required improvements upon a claim, they may, within sixty days after the termination of the year, make an affidavit of those facts, setting out the nature of the labor and improvements, and file the same with the county recorder, and that such recorded affidavit shall be received or admitted in evidence in any court of justice in this state, and be *prima facie* evidence of the facts recited therein. It is not required that such affidavit be made, but, if it be so made and recorded, it may be used, as above noted, as *prima facie* evidence. The making and recording of the affidavit is simply a convenient method provided for preserving *prima facie* evidence of the representation, if one chooses to avail himself of this provision of the law. (*Coleman* v. *Curtis,* 12 Mont. 301.)

When the case came on for trial the said affiant Merrill was present and testified as to the representation of said claim in that year. His affidavit, above described, was also used in evidence. The objection is that it was secondary evidence when the primary evidence was at hand. But, in this case, what the appellants call the primary evidence, namely, Merrill's own testimony, was introduced. We are of opinion that the introduction of the affidavit was wholly immaterial. In the absence of a statute it would of course not be evidence. But the statute expressly made it evidence. It was not necessary or material in the presence of the fact that the affiant was at the trial and testified orally. But the introduction of the affidavit could have done no possible injury to the appellants. The finding of the court as to the representation in the year 1887 was established by Merrill's testimony, without the use of the affidavit. That finding is not attacked, and it is conceded by appellants in their argument that the Merrill testimony was sufficient to sustain the finding without the use of the affidavit. It is a clear case of *damnum absque injuria.*

Appellants allege another error in the introduction of evidence of the location notice of the St. Lawrence claim. Appellants objected to the affidavit verifying the location notice. The affidavit was not alleged to be objectionable in any respect, except that the name of the affiant did not appear in the body of the affidavit. The affidavit commenced:

"TERRITORY OF MONTANA, } *ss.*
  "County of Silver Bow. }

"―――― ――――, being first duly sworn according to law, deposes and says, that she is a citizen," etc.

The affidavit was then signed, Mrs. Susan A. Smith. A formal *jurat* was attached, signed by the notary public. It is held by this court that the declaratory statement of the location of a mining claim must be under oath. (*O'Donnell* v. *Glenn*, 8 Mont. 248; 9 Mont. 452; *Metcalf* v. *Prescott*, 10 Mont. 283.) If this affidavit, therefore, is insufficient, the location notice is void. But we are of opinion that the affidavit is sufficient. It is not such an affidavit as was held to be bad in *Metcalf* v. *Prescott, supra.* In that case the affidavit was not signed, there was no *jurat* to it, and there was nothing about it to show that the alleged affiant ever signed it, ever swore to it, or was ever before the notary. But in the affidavit now under consideration the affiant does appear to have been before the notary; it is certified that she swore to it, subscribed it, and her name appears as a subscriber. We said in *Metcalf* v. *Prescott, supra*, that "an affidavit is one method of taking an oath; an affidavit is 'a statement or declaration reduced to writing and sworn or affirmed to before some officer who had authority to administer an oath.' (Bouvier's Law Dictionary.)" The affidavit before us was a declaration reduced to writing, and it clearly appears that it was sworn to and subscribed before an officer having authority to administer an oath. (See cases cited in *Metcalf* v. *Prescott, supra; People* v. *Sutherland,* 81 N. Y. 1.)

The last assignment of error is that the evidence is insufficient, in that it does not show that prior to the location of the St. Lawrence claim there was any discovery of a mineral-bearing vein. The location of this claim appears, by the evidence, to have been made with much care. The claim was

surveyed by a surveyor the day before the location notice was made and filed. The husband of Susan A. Smith, one of the locators, and the person who verified the location notice, was present at the location, and assisted therein, acting in behalf of his wife. He testified quite fully as to the location of the claim, and as to the discovery of a vein. He said that it showed very plainly on the surface, and that it was a good-looking vein, and, from appearances, it was a good vein. He described its strike, and gave its width, and stated that it laid in solid granite; that he did not make any assays at the time, but assays were made later, which proved its valuable character as to its being a mineral vein. The witness testified to about all that it was possible for an intelligent prospector to say, without having made an actual assay. The appellants do not claim that there was any testimony offered to rebut the testimony of witness Smith, and, in the absence of any such contraverting testimony, we think the evidence was sufficient to make a *prima facie* case of the discovery of a mineral vein. We are not prepared to lay down the rule that the locator must show that he has made assays of the vein, when no one disputes the *prima facie* showing by the evidence of the prospector that the vein was a good one, and appeared to be sufficiently good to justify locating and subsequent working of the same. (*Shreve* v. *Copper Bell M. Co.*, 11 Mont. 309.)

We have reviewed all the errors which have been relied upon by counsel in their argument, and we think that none of them can be sustained. The judgment of the district court is therefore affirmed.

*Affirmed.*

PEMBERTON, C. J., and HUNT, J., concur.