## WEISS v. UNITED STATES.*

(Circuit Court of Appeals, Seventh Circuit. April 21, 1922. Rehearing Denied May 26, 1922.)

No. 2934.

Intoxicating liquors ⬱279—Typist's failure to insert affiant's name held not to vitiate verification to complaint.

Where affiant signed and swore to the verification to a complaint in contempt proceedings for violating an injunction order obtained under National Prohibition Act, tit. 2, § 22, the typist's failure to insert the name of the affiant in the verification did not vitiate the complaint.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Contempt proceedings by the United States against Louis Weiss. Judgment for plaintiff, and defendant brings error. Affirmed.

Adolph Marks, of Chicago, Ill., for plaintiff in error.

Chas. F. Clyne and C. W. Middlekauff, both of Chicago, Ill., for the United States.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

EVAN A. EVANS, Circuit Judge. Defendant in error, proceeding under and by virtue of section 22, tit. 2, of the National Prohibition Act (41 Stat. 314), sought and secured an injunction restraining plaintiff in error and others from maintaining a common nuisance at 158 West Washington street, Chicago, Ill. Subsequently proceedings were instituted to punish plaintiff in error for contempt of court for violating the injunctional order thus entered. An appeal was taken from the injunctional order and a writ of error issued to review the judgment in the contempt case. Before hearing the appeal was dismissed, and the writ of error alone calls for disposition.

Nearly all of the questions submitted have been disposed of adversely to plaintiff in error by the recent decisions of this court in Lewinsohn v. U. S., 278 Fed. 421; Heitler v. U. S., 280 Fed. 703; Allen v. U. S., 278 Fed. 429; and Shore v. U. S., 282 Fed. 857.

We find no assignment of error that requires separate consideration other than the one attacking the sufficiency of the complaint. This complaint, termed "the information," it is claimed, was unverified. The basis for this assertion is the typist's failure to insert the name of the affiant in such verification. That one A. M. Smith signed the verification and swore to it is not denied, nor is the sufficiency of such verification otherwise questioned. Under these circumstances there was a valid and sufficient verification. People v. Sutherland, 81 N. Y. 1; Davidson v. Bordeaux, 15 Mont. 245, 38 Pac. 1075; Cunningham v. Doyle, 5 Misc. Rep. 219, 25 N. Y. Supp. 476; Rudolf v. McDonald, 6 Neb. 163; 1 Bouvier, Law Dictionary, 158.

The judgment is affirmed.