PRESTON v. HUNTER et al.

(Circuit Court of Appeals, Ninth Circuit. April 29, 1895.)

No. 189.

1. MINES AND MINING—NOTICE OF LOCATION.
A notice of location of a placer mining claim, which contains the name of the locators, the date of location, and a sufficient description, all as required by Rev. St. § 2324, is not invalidated by the fact that the date is preceded by the words "dated on the ground," and such words are to be regarded as mere surplusage.

2. SAME—DECLARATORY STATEMENT—MONTANA LAWS.
Failure to file in the recorder's office a sufficient declaratory statement within the 20 days allowed therefor by the Montana statute (Comp. St. Mont. § 1477), does not render the location void when no other rights have intervened before a proper record is made, and the rights of the locators will attach at least from the date of perfecting the record.

Appeal from the Circuit Court of the United States for the District of Montana.

This was a suit by Duncan Hunter and others against Edward L. Preston to determine an adverse claim to certain mining ground. The case was commenced in a state court, and was afterwards removed to the federal court by the defendant. The circuit court entered a decree dismissing the suit on the ground that neither of the parties was entitled to recover. Defendant appeals.

Albert Allen, for appellant.

Before McKENNA and GILBERT, Circuit Judges, and HAWLEY, District Judge.

HAWLEY, District Judge. This is a suit in equity, in the nature of a bill to quiet title, to determine which of the parties has the better right to certain mining ground, situate in an unorganized mining district, formerly in the county of Missoula, now in Flathead county, state of Montana, and whether either of said parties is entitled to a patent thereto. The suit was commenced in the state court by appellees in support of their adverse claim, as the alleged owners of the Butte placer mining claim, to an application for a patent by appellant to the Pine Tree placer mining claim. It was afterwards removed to the United States circuit court for the district of Montana; was there tried before the court, without a jury, and a decree rendered dismissing the suit upon the ground that neither of the parties was entitled to recover. The court found as a fact "that the

alleged location of the Butte placer mining claim mentioned and described in plaintiffs' complaint was never marked upon the ground, so that its boundaries thereof could be readily traced"; and as a conclusion of law held that the alleged location of said claim "was not made in accordance with the laws of the United States and of the state of Montana." This conclusion is admitted to be correct. The court further found as a conclusion of law:

"Second. That the alleged location of the Pine Tree placer mining claim mentioned and described in the answer in this action is, and at all times has been, invalid, and void, for the reason that the declaratory statement thereof in the recorder's office did not contain the date of the location, and that, therefore, the defendant is not the owner of, or entitled to the right of possession of, the premises in controversy, or any part thereof, and is not entitled to recover in this action."

Is this conclusion erroneous? This is the only question presented by this appeal. It must be determined by an examination of the findings of fact relative to the location, etc., of the Pine Tree claim, which are as follows:

"First. That heretofore, to wit, on the 9th day of September, 1892, D. Mc-Leod, Henry Lunn, John Langman, Jay H. Adams, A. M. Scott, H. Preston, D. W. Henley, and John Wetzel, each being then and now a citizen of the United States, entered upon the premises hereinafter described, and located the same as a placer mining claim, and then and there marked the location upon the ground, so that the boundaries thereof could be readily traced, said claim being then situated in the county of Missoula, state of Montana, and now being in the county of Flathead, in said state; and at the time of making the said location, and as a part of the act of said location, the said locators posted on said claim a notice, of which the following is a copy, to wit: 'Notice is hereby given that the undersigned, having complied with the requirements of chapter vi., title thirty-two, of the Revised Statutes of the United States, and the local customs and laws and regulations, have located one hundred and sixty acres of placer mining ground * * * particularly described as follows: [Here follows a description of the ground by metes and bounds.] Said claim to be known as the "Pine Tree Placer Mining Claim," comprising 160 acres. Said claim is situated on the south side of the Kootenai river, about half a mile below Callahan creek. Dated on the ground, Missoula county, Montana, this 9th day of September, 1892,'—signed by all the locators, 'per D. M. McLeod,' with two witnesses.

"Second. That thereafter, and within twenty days, the said locators filed for record in the office of the county recorder of Missoula county, in which the said claim was situated, a declaratory statement, and the acknowledgment thereof as filed and recorded was in the words and figures following, to wit: [Here follows the notice as above quoted with the acknowledgment of a notary public of "the execution of the within instrument" in the usual form of acknowledgments.]

"Third. That thereafter, on the 23d day of May, 1893, and while the said original notice still remained posted on said claim, and entirely legible, and the location still marked upon the ground so that the boundaries thereof could be readily traced, the claim being then situated in the county of Flathead in said state, and the said locators being still the owners of said claim, the said locators filed for record in the office of the county recorder of Flathead county a declaratory statement, under oath, in writing, of the location of said claim, which declaratory statement under oath so filed was in the words and figures as follows."

Then follows the notice of the location and the acknowledgment of the notary public, and the following affidavit and oath:

"State of Washington, County of Spokane—ss.: D. M. McLeod, being duly sworn, says that he is one of the locators and claimants of the foregoing described placer mining claim, known as and called the 'Pine Tree Placer

Mining Claim'; that he and his colocators therein, whose names are subscribed to said foregoing notice, were at the time of the making said location, and now are, citizens of the United States; that the said location is made in good faith, and that the matters set forth in the foregoing notice by him subscribed are true; that a copy of the foregoing notice was posted on said claim on the 9th day of September, 1892. Affiant further says that on the 9th day of September, 1892, he went before Samuel W. Childs, a notary public of Missoula county, Montana, for the purpose of making oath to and verifying said location notice, and did make oath thereto in substance as in this affidavit above stated; but that said notary, by some mistake, instead of writing the proper affidavit, wrote an acknowledgment as shown on this paper. [Signed] D. M. McLeod." "Subscribed and sworn to before me this 16th day of May, 1893. C. S. Voorhees, Notary Public for Washington, residing at Spokane. [Seal.]"

The other findings of fact, 4, 5, and 6, relative to the Pine Tree claim are to the effect that the land in controversy is mineral land; that the locators complied with the law as to the amount of work upon the claim; that appellant, by regular conveyances, has become the owner of all the right, title, and interest acquired therein by the locators, and that since said conveyances to him he has complied with the act of congress entitled "An act to amend section 2324 of the Revised Statutes of the United States relating to mining claims, approved November 3, 1893."

The only question discussed by appellant was as to the sufficiency of the notice of location. The notice, as recorded, was in substantial compliance with the provisions of section 2324, Rev. St. U. S., which requires that "all records of mining claims hereafter made shall contain the name or names of the locators, the date of the location, and such a description of the claim or claims located by reference to some natural object or permanent monument as will identify the claim." This is too clear for any extended discussion. The words "dated on the ground" were unnecessary, but they neither added to nor took away from the notice any essential requisite thereof, and constitute a mere surplusage of words. The object of a notice is to impart information to the public. No person of ordinary understanding could possibly be misled as to the date of the location specified in the notice. The statute of Montana in relation to filing declaratory statements reads as follows:

"Any person or persons * * * who shall hereafter discover or locate any placer deposit of gold or other deposit of minerals shall, within twenty days thereafter, make and file for record in the office of the recorder of the county in which said discovery or location is made, a declaratory statement in writing on oath, made before some person authorized by law to administer oaths, describing such claim in the manner provided by the laws of the United States." Comp. St. Mont. § 1477.

In O'Donnell v. Glenn, 8 Mont. 248, 253, 19 Pac. 302, the notice of location was properly dated, but the oath attached thereto did not state the date of the location, or make any reference therein to the date contained in the notice, and it was held that by reason of the fact that the declaratory statement failed to show the date of location under oath it was inadmissible in evidence. The court, after stating that the notice of location was properly admitted so far as the description of the ground was concerned, to which reference was made in the oath, said:

"But the oath does not contain the date of location. This is an essential element of description under the statutes of the United States. It is given in the body of the location notice, but is not sworn to. The laws of the United States do not require the location notice to be sworn to at all, and there is no question as to its sufficiency, so far as that is concerned. But the laws of the territory (Comp. St. § 1477) require the declaratory statement to be made on oath, describing the claim as required by the laws of the United States."

This decision was affirmed in O'Donnell v. Glenn, 9 Mont. 452, 23 Pac. 1018. In Metcalf v. Prescott, 10 Mont. 284, 293, 25 Pac. 1037, the court held "that the statute intends that the oath shall be part of the record." See, also, Mattingly v. Lewisohn (Mont.) 35 Pac. 111. Under these decisions the declaratory statement, which was filed within 20 days after the location of the Pine Tree claim, was not in compliance with the provisions of the statute of Montana, as construed by the supreme court of that state. No oath was attached to the notice; simply an acknowledgment of the execution of the notice. If the case rested here, we would be compelled to decide the question whether the statute of Montana, which imposes an additional burden upon the locators of mining claims to that required by section 2324 of the Revised Statutes of the United States, is not inconsistent with the organic act creating the territory of Montana, which prohibits the legislature from passing any laws "interfering with the primary disposal of the soil." Rev. St. U. S. § 1851. This constitutional authority upon the part of the legislature was questioned in Wenner v. McNulty, 7 Mont. 30, 36, 14 Pac. 643; declared to be constitutional in O'Donnell v. Glenn, supra; again doubted in Metcalf v. Prescott, supra, but the court refused to disturb the rule announced in the Glenn Case. But, from the views we entertain of this case, it is unnecessary to decide that question. Conceding, for the purposes of this opinion, that the record made within the 20 days after the location of the claim was wholly insufficient, yet the question remains as to the sufficiency of the record made as set forth in the third finding of the court. That record was not made within 20 days after the location, as required by the statute, but it does not appear that any other intervening rights were acquired to the ground by any other parties prior to the filing of the declaratory statement on the 23d of May, 1893. Appellant, therefore, had the right to complete and perfect the imperfect declaratory statement theretofore recorded, and his rights would attach to the mining claim at least as of the date of the perfected record. Appellees, by failing to appear herein, have certainly waived their rights to object to said declaratory statement upon that ground. The court in Metcalf v. Prescott, supra, said:

"It is conceded by respondents, in their brief, that they claim no rights by virtue of the fact that their adversary claim * * * was not recorded within twenty days after discovery. That disposes of that point."

See, also, McGinnis v. Egbert, 8 Colo. 41, 5 Pac. 652.

The mere failure to record the declaratory statement within the statutory time does not render the location of the claim invalid where there are no intervening rights before the record is properly made, if there has been a full compliance of the law in all other respects. Faxon v. Barnard, 2 McCrary, 44, 4 Fed. 702; Van Zandt v. Mining

Co., 2 McCrary, 159, 8 Fed. 725; Strepey v. Stark, 7 Colo. 614, 5 Pac. 111; Craig v. Thompson, 10 Colo. 517, 16 Pac. 24; Omar v. Soper, 11 Colo. 380, 18 Pac. 443; McEvoy v. Hyman, 25 Fed. 596. In Belk v. Meagher, 104 U. S. 279, 283, it was held that a failure to do the requisite amount of annual development work on a claim under section 2324 of the Revised Statutes of the United States simply renders the claim subject to relocation by third parties, after the lapse of the year, and not before, and that such right of relocation is itself lost, and the original owner is restored to all of his rights, if he enters without force, and resumes work, before a relocation is perfected by any third party. Oscamp v. Mining Co., 7 C. C. A. 233, 58 Fed. 293; Wade, Min. Claims, § 30, p. 56.

The oath constituting a part of the declaratory statement filed for record on the 23d of May, 1893, substantially complies with the statute of Montana. The date of location was given in the notice, and the oath of affiant, attached thereto, expressly states "that the matters set forth in the foregoing notice by him subscribed are true," and "that a copy of the foregoing notice was posted on said claim on the 9th day of September, 1892." We are therefore of opinion that the court erred in finding as a conclusion of law from the facts stated that the location of the Pine Tree mining claim was invalid and void.

It is proper to state that, after this opinion was prepared and agreed upon, leave was granted to appellees to file a brief, and that this brief presents no new points requiring further discussion. The judgment and decree of the circuit court, in so far as it adjudges that appellant is not entitled to recover herein, is reversed, and the cause remanded for further proceedings in conformity with this opinion.