## COLUMBIA COPPER MINING CO. v. DUCHESS MINING, MILLING AND SMELTING CO.

MINES AND MINING—TRESPASS—ISSUES—CONFLICTING LOCATIONS—
DISCOVERY—CONFLICTING EVIDENCE—LOCATION NOTICE—FILING OF
CERTIFICATE—COMPUTATION OF TIME—INTERVENING RIGHTS.

1. In an action to recover damages for trespass, to enjoin fur-
ther trespassing, and to quiet title to a lode mining claim,
plaintiff and defendant claiming under conflicting locations,
but neither party claiming to be entitled to a conveyance
from the government, the right to possession only is in
issue, and the question, which, if either shall ultimately
prevail in a contest for title, cannot be determined.

2. The discovery of mineral is a necessary prerequisite to the
location of a mineral claim, and whether or not a discovery
has been made is a question of fact.

3. The parties relying upon conflicting locations in an action for
trespass to certain mining claims, the evidence, which was
conflicting, is held sufficient as to discovery to support a
judgment for plaintiff, where it showed that the locators
of its claims were first on the ground, and tended to show
the outcropping of mineralized rock in place on such
claims, work done by the locators to determine where to
locate their discovery shafts, and one of the locators testi-
fied that, when the notices were posted, they discovered
a vein or lode of mineral in place, that the veins were ap-
parent on the surface in places, and could be traced on the
surface in places by outcroppings.

4. Where the evidence as to discovery and the existence of a
vein or lode in the discovery shaft on a mineral claim is
conflicting, the judgment will not be disturbed on error for
insufficiency of the evidence to sustain it, unless it is with-
out support in, or is clearly against the weight of, the
evidence.

5. A location notice of a lode mining claim as follows: "We,
the undersigned, claim by right of discovery this ledge,
lode or deposit described as follows: Fifteen hundred feet
in a northwesterly direction from this notice, and three hun-
dred feet on each side of this vein," containing also the
name of the lode, dated and signed by the locators, and
posted on the same date, *Held* to substantially comply with
the requirements of the statute. (R. S. Wyo. 1899, Sec.
2546.)

6. Where the last day of the regular period after discovery for filing the certificate of location of a mining claim falls on Sunday, that day will be excluded, and the certificate is filed in time if filed on the following day.

7. Failure to record the certificate of location of a lode mining claim until after the period prescribed by the local statute will not invalidate the location, where no intervening rights have been acquired.

8. It is no defense to an action for trespass upon a lode mining claim that plaintiff's certificate of location was not recorded until after the period required by the local statute, where the trespass, if any, was committed before the expiration of such period, and the defendant acquired no rights between such expiration and the recording of plaintiff's certificate.

[Decided February 8, 1905.]          (79 Pac., 385.)

Error to the District Court, Albany County, Hon. Richard H. Scott, Judge of the First District, presiding.

The facts are stated in the opinion.

*Chatterton & Coolidge,* for plaintiff in error.

The necessary acts, where there is no organized mining district, to make a valid lode mining location, are set forth in the Federal Statutes (U. S. Rev. Stat., Secs. 2320, 2324) and in the statutes of the state (R. S. 1899, Secs. 2546, 2548). (Hansworth v. Butcher, 4 Mont., 299; Min. Co. v. Min. Co., 7 Sawy., 96; Stinchfield v. Gillis, 96 Cal., 33; McLaughlin v. Thompson, 2 Colo. App., 135; Etling v. Potter, 17 Land. Dec., 424: R. R. Co. v. Marshall, id., 544.) Both the federal and state laws require, as a prerequisite to location, the discovery of a "vein or lode" or "mineral bearing rock in place." These statutes are mandatory. (20 Ency. Law (2d Ed.), 713.) Discovery is the inception of title and must precede location. (Erhardt v. Boaro, 113 U. S., 527; Burke v. McDonald, 29 Pac., 98.) Discovery is not complete until the vein itself is disclosed. The finding of float in loose quartz is not sufficient. (Upton v. Larkin, 6 Pac., 66; Overman Co. v. Corcoran, 1 Min. R., 691; Waterloo Co. v. Doe, 56 Fed., 685; Taxton

v. Barnard, 2 McCrary, 44; Wright v. Taber, 2 Land Dec., 738; Conkin v. Kelly, 12 id., 1; Min. Co. v. Kimber, 1 Min. R., 536; Gray v. Truby, 6 Colo., 278; Armstrong v. Lower, 6 Colo., 393; Quimby v. Boyd, 8 Colo., 194; Sterefey v. Stark, 7 Colo., 614; McGinnis v. Egbert, 8 id., 41; Min. Co. v. VanAuken, 9 id., 204; Moyle v. Bullene, 7 Colo. App., 308; Fleming v. Daly, 12 id., 439; Flick v. Min. Co., 8 Mont., 298; O'Donnell v. Glen, 8 Mont., 248; Osmund v. Min. Co., 11 Mont., 303; Walsh v. Mueller, 16 Mont., 180; Sanders v. Noble, 22 Mont., 110; Sisson v. Sommers, 24 Nev., 379; King v. Min. Co., 152 U. S., 222; Min Co. v. Min. Co., 6 Sawy., 299; Van Zant v. Min. Co., 2 McCrary, 159; O'Reilly v. Campbell, 116 U. S., 418; Jackson v. Roby, 109 U. S., 440; Page v. Summers, 70 Cal., 121; Michael v. Mills, 22 Colo., 439; Muldoon v. Brown, 20 Utah, 121; Housworth v. Butcher, 4 Mont., 299; McShane v. Kinkle, 18 Mont., 208; Foote v. Min. Co., 2 id., 402; Davidson v. Bordeaux, 15 id., 245; Walsh v. Mueller, 16 id., 180.)

Posting notice, even on an outcropping, without any discovery, is merely speculative and does not initiate any rights. (Erhardt v. Boaro, *supra;* Osmund v. Min. Co., 11 Mont., 303; Eilen v. Boatman, 3 Utah, 159.) Priority of discovery gives priority of right against mere location and possession without discovery. Plaintiffs had made no discovery; they had attempted to make a claim, but their notice was insufficient; they did not remain in possession and left no evidence in the way of marks or work that they ever intended to return. (Bevis v. Markland, 130 Fed., 226; Crossman v. Pendery, 8 id., 693.) A later record may show an older and better title than an earlier record. (Patterson v. Hitchcock, 5 Min. R., 542; Walsh v. Mueller, 40 Pac., 292.) What is a "lode or vein" or "quartz or other rock in place," and what is a discovery? (Mt. Diablo Co. v. Callison, 9 Min. R., 616; Stevens v. Williams, 1 id., 557; Tabor v. Dexter, 9 id., 614; Leadville Co. v. Fitzgerald, 41 id., 380; Jones v. Prospect Co.,

31 Pac., 642; Shreeve v. Cooper, 28 id., 315; Hyman v. Wheeler, 29 Fed., 354; Eureka case, 9 Min. R., 578; Lindley on Mines, 286-290; 20 Ency. Law, 705; Cheesman v. Shreve, 40 Fed., 787; Bryan v. McCaig, 10 Colo., 309.) Comparing the definitions given in the books with those given by the locators of plaintiff's claims, it will be observed that they had no idea as to what constituted a lode or vein in place and were, therefore, incompetent to judge as to what constituted a discovery. Outcropping of vein matter will not constitute a valid discovery unless mineral in place is exposed by work. (U. S. v. Min. Co., 128 U. S., 673; Min. Co. v. Min. Co., 2 Dak., 374; Brownfield v. Bier, 15 Mont., 403; Burke v. McDonald, *supra*.) The prospect must justify one in working. (McShane v. Kankle, 44 Pac., 979.)

The evidence of plaintiff's grantors was to the effect that they discovered and located nine claims in three days with no other tool than a one-pointed pick; while the evidence of seven practical miners, familiar with the ground, showed that it was necessary to do considerable trenching to find the lead, and that there was no outcropping of a vein in that section. Immediately after the alleged location plaintiff's grantors began selling stock, never having made a discovery, marked the boundaries of a claim, dug a ten-foot hole, or posted or recorded a valid location notice. Thirty days or more elapsed before any dirt was moved on the claims. The entire testimony was that there had been no discovery and no proper location of the Duchess claim, and that no vein or lode had ever been discovered upon any of such claims.

The notice required to be posted at the point of discovery must contain the statutory requirements. (R. S. 1899, Secs. 2546, 2548; Seidler v. Lafave, 4 N. Mex., 369; Mt. Diablo Co. v. Callison, 5 Sawy., 439; Min. Co. v. Min. Co., 6 id., 311; Bennett v. Harkrader, 158 U. S., 441; Min. Co. v. Min. Co., 11 Fed., 675; Cheesman v. Hart, 42 Fed., 98; Duryea v. Boucher, 67 Cal., 141; Metcalf v. Prescott, 10

Mont.,.283; Gluson v. Min. Co., 13 Nev., 442; Min. Co. v. Min. Co., 15 id., 383.) The posted notice of the Duchess claims does not contain the name of the lode or claim, nor give the date of discovery. The date of the notice, as the day on which the parties make the claim, is in no sense the date of discovery, unless so specifically stated in the notice itself.

The location certificate was not recorded within the time required by Section 2546, Revised Statutes, as it appears to have been filed sixty-one days after the alleged date of discovery. The marking must be complete within sixty days. (Gluson v. Min. Co., *supra;* Bilk v. Meagher, 104 U. S., 279; Strepey v. Starkey, 7 Colo., 614; Min. Co. v. Hammar, 6 Neb., 53; Min. Co. v. Drake, 8 Colo., 586; Sweet v. Webber, 7 id., 443.) After discovery it is the main act of original location. (Donahue v. Meister, 88 Cal., 121; U. S. v. Castillero, 2 Black., 17; Gonn v. Russell, 3 Neb., 358; Patterson v. Tarbell, 37 Pac., 76; Gird v. Oil Co., 60 Fed., 531.) The testimony shows that the marking was not completed until sixty-one days after the alleged discovery.

The evidence indisputably shows that the locations of the defendant's claims were properly and legally made. A question was raised as to the validity of location certificates because the tie in the original was to other claims instead of section corners; but the certificates were afterwards amended to cover the supposed defect. The tie in the original certificate was good and the certificate valid. (Jupiter Co. v. Bodie Co., 4 Min. R., 412; Book v. Justice Co., 58 Fed., 106; Credo Co. v. Highland Co., 95 id., 911; Riste v. Morton, 49 Pac., 656; Kinney v. Fleming, 56 id., 723; Seidler v. Lafave, 20 id., 789; Duryea v. Boucher, 7 id., 421; Hammar v. Garfield Co., 130 U. S., 299; Hanson v. Fletcher, 37 Pac., 480; Farmington Co. v. Rymney Co., 58 Pac., 832.)

Under any circumstances of the case no damage resulted to the plaintiff below. The value of timber cut on that portion of the claims in controversy amounts to from fifty

dollars to one hundred dollars only, and the timber is still on the land in buildings and mine work of much more value than the timber while standing. Testimony as to the loss to the company from failure to sell stock was very weak and, moreover, valueless for the purpose of establishing a claim for damages.

One question was raised upon the trial as to the right of defendant below to its lode discovered prior to any discovery by the plaintiff, because said lode crosses the side lines and not the end lines of the Anaconda and Victor No. 2 claims. In such case the side lines, being parallel, become the end lines, and are what are known as "side-end lines," and the only effect of such fact is the curtailment of extralateral rights. (Min. Co. v. Tarbet, 98 U. S., 463; King v. Min. Co., 152 id., 222; Larkin v. Upton, 144 id., 19; Last Chance Co. v. Tyler Co., 157 id., 683; Walsh v. Mueller, 40 Pac., 292; Patterson v. Hitchcock, 5 Min. R., 542; Lindley on Mines, 585-594, 366-367; 20 Ency. Law, 773.) But this question cannot enter into the case, for the reason that the claims of plaintiffs below were not legal locations, while defendant's locations were in every respect legal.

*H. V. S. Groesbeck,* for defendant in error.

The evidence as to priority or validity of the location of the mining claims in question being conflicting, and the court having decided in favor of the defendant in error, its findings will not be disturbed unless clearly against the weight of evidence. (Sherlock v. Leighton, 9 Wyo., 297; Kimball v. Payne, id., 441; Jackson v. Mull, 6 id., 55; Rainsford v. Massengale, 5 id., 1.) The findings are neither clearly erroneous nor against the great weight of evidence. It is impossible to read the record without concluding that the Duchess Co. was entitled to the relief sought, that it had the prior valid location, that its record was made in apt time, and that it had in all things complied with the law; that the location of the Columbia claims were invalid. It appears from the testimony of the witnesses of the Duchess

Company that the locators did in fact locate a vein and find mineral in place; which was followed up within sixty days by sinking the required ten-foot hole and by actual survey and marking of the boundaries.  The notices posted contained the name of the lode and the date of discovery, and were posted at the proper place.  The notice of location or certificate thereof was recorded within apt time.  Excluding the day of discovery, namely, July 17th, the sixty days would begin to run July 18th, and would expire September 16th, on which date the certificate was recorded.  (R. S. 1899, Sec. 2546; Kendall v. Kingsley, 120 Mass., 95; Conway v. Smith Merc. Co., 6 Wyo., 327.)  But as September 15th was Sunday, the parties had until the next day, September 16th, in which to file, even if the preceding proposition is not correct.  (R. S. 1899, Sec. 3423; White v. Hinton, 3 Wyo., 753; State v. Ausherman, 11 id., 410; Conway v. Smith Merc. Co., *supra.*)  But no valid adverse claim intervened, and even if the records were out of time the certificates would therefore have been recorded within the proper period to save the location.  Moreover, the statute does not fix any penalty rendering the location void for failure to record within the period prescribed, and hence there could be no forfeiture, postponement or loss of right. And it is doubtful if any of these rules or statutes of the state could be enforced, since the mineral lands of the United States are within the control of Congress.  (1 Lindley on Mines (2d Ed.), Sec. 250.)

Between different claimants of the same lode it was never intended to "weigh scales" to determine the value of the mineral found.  (Bonner v. Meikle, 82 Fed., 697; Min. Co. v. Rutter, 87 Fed., 801; 1 Lindley on Mines (2d Ed.), 336.)  But the evidence offered by plaintiff. below, as well as that received over objection on behalf of the defendant below, shows conclusively values in the Duchess group of claims even at a slight depth; while no assays were ever made of any of the claims on the Duchess property by the Columbia Company.  No court has ever held that

to entitle one to locate a mining claim ore of commercial value in either quantity or quality must first be discovered. A valid location may be made whenever the prospector has discovered such indication of .mineral that he is willing to expend his time in following it in expectation of finding ore. (Burke v. McDonald, 2 Ida., 1022; Harrington v. Chambers, 3 Utah, 94; R. R. Co. v. Migeon, 68 Fed., 811; 2 Lindley on Mines, Sec. 336.) Any genuine discovery is sufficient. The claims were in a mineral region and in close proximity to a productive mine. Precious metals were discovered in it; and all of the indications in the outcroppings, by a great preponderance of the evidence, showed mineral at the surface. The size and richness of the vein is not material. There was an honest belief of the existence of mineral based upon the experience of the locators, fortified by the opinions of practical miners, and followed by the expenditure of a large sum of money, in the sinking of one shaft to a depth of about eighty feet by prudent business men and under their direction. Tested by all rules laid down upon the subject, a discovery was made sufficient to authorize the location of the Duchess claims.

The testimony further shows that the Columbia Company has no mineral whatever in any of its claims. Their claims were all relocated by amended certificates, after their first record, and the rule is that such amended locations cannot set aside intervening rights. But the amended certificates differ materially from the original; they are described as in a different township and the boundaries are materially changed. (1 Lindley on Mines, Sec. 396.) Moreover, the amended certificates were not signed and were therefore invalid. The damages are amply sustained by the evidence.

BEARD, JUSTICE.

This is an action brought by the defendant in error to recover damages for trespass, and to quiet title to certain lode mining claims, known as the Duchess claims Nos. 1, 2,

3 and 4, and for an injunction to restrain plaintiff in error from further trespassing thereon. The case was tried to the court, without a jury, and judgment rendered in favor of defendant in error for $100 damages and costs, and enjoining plaintiff in error from entering upon the surface of the claims Nos. 1, 3 and 4, or from in any manner trespassing thereon. (Claim No. 2 is not in issue here, as it is not mentioned in the judgment and seems not to have been relied upon in the reply filed, and in any event there is no appeal by defendant in error.)

The defendant in error claims to be the owner and entitled to the possession of said Duchess lode mining claims Nos. 1, 3 and 4, as grantee of A. L. McKircher and LeRoy Grant, who, it is alleged, discovered said claims July 17th, 1901, and subsequently completed their locations by marking the boundaries, sinking shafts and recording location certificates as required by law. The plaintiff in error claims to own and to be entitled to the possession of a large part of the ground embraced within the limits of said Duchess claims, as grantee, through mesne conveyances, from J. J. Mackay and Thomas F. Gibbons, who, it is alleged, discovered and located the Anaconda, Victor and Victor No. 2 lode mining claims. It is alleged that the Anaconda was discovered and located about July 31st, 1901, the Victor about July 24th, 1901, and the Victor No. 2 about September 13th, 1901. The said Duchess claims and these claims conflict. The plaintiff in error claims that the locations of the Duchess claims were void: first, because no discovery of mineral in rock in place was made by McKircher and Grant, within the limits of said claims, on or before July 17th, 1901; second, because the notices posted on said claims did not comply with the requirements of law; third, because no vein or lode of mineral in rock in place was shown in the discovery shaft on either of said claims; and, fourth, because the certificates of location were not filed for record within sixty days after the alleged discovery and the posting of notices of discovery on the claims.

The question to be determined then is, were the locations of the Duchess claims as made by McKircher and Grant valid? If they were, then plaintiff in error was a trespasser, otherwise it was not. It may be well to state that in this action the parties cannot have a judicial determination of the question of which, if either, shall ultimately prevail in a contest for title. The right to the possession being the issue here, and neither party claiming to be entitled to a convey-ance from the government. (Bevis v. Markland et al., 130 Fed., 226.) The statutes of the United States provide (Sec. 2320, R. S.) that * * * "no location of a mining claim shall be made until the discovery of the vein or lode within the limits of the claim located." It is conceded that a dis-covery of mineral is a necessary prerequisite to the location of a mineral claim; but just what constitutes such a dis-covery is often a question. Many definitions of a discovery have been given by the courts, a few of which will suffice for the purposes of this case. Whether or not a discovery has been made is always a question of fact.

Mr. Lindley, in his work on the law of mines and mining rights, says: "Judge Hawley's definition seems to answer all practical purposes: 'When the locator finds rock in place containing mineral, he has made a discovery within the meaning of the statute, whether it assays high or low. It is the finding of the mineral in rock in place, as distinguished from float rock, that constitutes the discovery and warrants the prospector in making a location of a mining claim.' (1st Lindley on Mines (2d Ed.), p. 610.) "A lode, within the meaning of the statute, is whatever the miner could follow, and find ore. Under the requirements of the law, a valid location of a mining claim may be made whenever the pros-pector has discovered such indications of mineral that he is willing to spend his time and money in following with the expectation of finding ore; and a valid location of a mining claim may be made of a ledge deep in the ground, and ap-pearing at the surface, not in the shape of ore, but in vein matter only." (Burke et al. v. McDonald et al., 29 Pac.,

98; Book v. Justice Min. Co., 58 Fed., 106, and definitions quoted therein. See also Hyman v. Wheeler, 29 Fed., 347.)

In this case the evidence shows that McKircher and Grant were upon the ground in controversy on July 15th, 16th and 17th, 1901. There was also evidence tending to show that rock in place or "solid foundation," as it was called by one witness, outcropped on the Duchess claims in places; that it was mineralized; that they found what they supposed to be a vein; that they did some work to determine where they should locate their discovery shafts; and Grant testifies that at the time the notices were posted on the claims, July 17th, that they discovered a vein or lode of mineral in place, and that the veins were apparent on the surface in places and could be traced on the surface in places by outcroppings. On the other hand, a number of witnesses testified as positively that there were no outcroppings; that a discovery would have been impossible, because the surface of the country was covered by a wash of loose rock and earth, and that rock in place could only be found by digging. Mr. Gibbons, one of the locators of the claims of plaintiff in error, testifies, that he located the Anaconda on July 31st, 1901, but had worked on it several days before; that the ground in that locality is covered with wash; that he saw a little quartz formation sticking around on the surface; then he saw what was the country rock; and that he ran a trench about eighteen steps between these two until he came to the quartzite foot wall. He saw no evidence of work having been done on the Duchess claims, but did see a notice while he was at work, but did not read it.

This much of the substance of the testimony is stated for the purpose of showing the conflict in the evidence in relation to. a discovery by McKircher and Grant. The evidence is equally conflicting with reference to the existence of a lode or vein in the discovery shafts on the Duchess claims.

It is claimed by plaintiff in error that the notices posted on the Duchess claims were insufficient and did not comply with the requirements of Section 2546, Revised Statutes of

Wyoming, 1899. Neither the notices nor copies of the same appear in the record. The contents of the notice on Duchess No. 1 as given by McKircher is as follows: "We, the undersigned, claim by right of discovery this ledge, lode, or deposit described as follows: Fifteen hundred feet in a northwesterly direction from this notice, and three hundred feet on each side of this vein. Dated this 17th day of July, A. D. 1901." The witness then testifies that the others were in the same language, except the difference in direction from the notice, and that they were signed by "Mr. Grant and me." Grant testifies on cross-examination that the notices contained the name of each lode. The evidence shows that they were posted July 17th, 1901. This evidence was not contradicted and no objection appears to have been made that it was incompetent, not being the best evidence. These notices substantially complied with the law. (Preston v. Hunter et al., 67 Fed., 996; Erhardt v. Boaro, 113 U. S., 527.)

Plaintiff in error also claims that the certificates of location of the Duchess claims were not filed within sixty days from the date of discovery and hence the locations were invalid. The date of discovery being stated as July 17th and the certificates being filed September 16th, sixty-one days after discovery. Counsel for defendant in error contends that as September 15th, 1901, was Sunday, it would be excluded under Section 3423, Revised Statutes of Wyoming, 1899. It was so held in David v. Whitehead, 79 Pac., 19.

In addition to this, there is nothing in the record showing that plaintiff in error acquired any rights between the expiration of the sixty days and September 16th. The trespass, if committed at all, was committed before September 15th, and plaintiff in error is here claiming under locations made within sixty days from July 17th. (Preston v. Hunter, 67 Fed., 996, and cases cited.)

As to the matter of damages, the court having found generally for defendant in error, the amount awarded had sufficient support in the evidence.

There is very little controversy between counsel as to the law of the case; but the argument has been on the one side that the judgment is not sustained by the evidence; and on the other that it is, and in any event, the evidence being conflicting this court should not set the judgment aside.

The case appears to have been carefully considered by the trial judge, whose opportunities for weighing the testimony were better than ours, and his judgment upon the conflicting evidence more likely to be right. In Overman Mining Co. v. Corcoran, 1 M. M. R., 691, Judge Hawley says: "Every lawyer at all familiar with the trial of mining cases where the question of existence, or non-existence, of a lode or vein is raised, understands the difficulty that is often, we might say always, encountered in the attempt to ascertain the facts. Practical miners, experts, and men of science are often examined as witnesses, and they frequently differ as much in their statements of facts as in their conclusions of judgment. It is especially the province of a jury to determine the disputed question of fact thus raised."

In this case a careful consideration of all of the evidence discloses such a substantial conflict in the evidence upon the main issues that, under the well settled rule that unless the judgment is without support in, or is clearly against the weight of the evidence, it will not be set aside, the judgment of the District Court will have to be affirmed.

*Affirmed.*

POTTER, J., concurs.